**UNITED STATES of America, Plaintiff,**

v.

**TWENTY–TWO FIREARMS, Defendant.**

Civ. A. No. 78–K–1101.

United States District Court,
D. Colorado.

Jan. 15, 1979.

Charles L. Casteel, Asst. U. S. Atty., Denver, Colo., for plaintiff.

David S. Williamson, Constantine & Prochnow, Englewood, Colo., for defendant.

## ORDER AND JUDGMENT

KANE, District Judge.

This is a forfeiture proceeding by means of which the government seeks to declare twenty-two firearms forfeit because such firearms were allegedly involved in, or used or intended to be used in, a violation of 18 U.S.C. § 922(a)(1) which prohibits a person from engaging in the business of firearms dealing without having first obtained a license from the Secretary of the Treasury as provided by 18 U.S.C. § 923. Among the essential allegations contained in the complaint is the recitation that ". . . this action has been authorized pursuant to authority conferred by 26 U.S.C. § 7401." That statute reads as follows:

No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary or his delegate authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.

■ There are many sound reasons for the existence and enforcement of the statute. One of the most telling is that the law abhors a forfeiture and another is the extreme harshness of the remedy which can have inordinately disparate results depending more upon the selection of the *res* to be forfeited than upon the gravamen of the offense.

Irrespective of the reasons for its existence, however, it is binding upon the government and upon the court. Robert L. Schear filed a notice of claim in this action that he is the owner of the items which are the subject of this action thereby entitling him to restitution of them and an answer to the complaint in which he alleged in part as follows:

1. This claimant denies the allegations contained in paragraph 1 of the Complaint except that he is without information or knowledge sufficient to form a belief as to the allegation contained in paragraph 1 with respect to the authority conferred by 26 U.S.C. § 7401.

Rule 8(b), F.R.Civ.P. provides that "A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If he is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial." Thus the requirements of the statute were placed in issue.

■ In the absence of a denial, the authorization of the Secretary or his delegate and the direction of the Attorney General or his delegate to commence the action may be presumed. *U. S. v. One 1941 Cadillac Sedan*, 145 F.2d 296 (C.C.A.Ind.1944). However, the law is clear, and I so hold, that where allegations of authority to proceed and direction to commence the action are denied, the issues are put to proof and the conditions precedent shall not be presumed. There is too much danger that, in the absence of proof of compliance with the conditions precedent, I would be proceeding without jurisdiction. *U. S. v. One 1972 Cadillac, Coupe DeVille, 2-Door Hardtop*, 355 F.Supp. 513 (D.C.Ky.1973). Additionally, such proof will prevent a multiplicity of litigation. It is entirely possible that the immunity normally afforded to those bringing suit would not be available since responsibility for such prosecution lies only with the Attorney General or his delegate and not with those generally authorized to represent the government. *See generally, Flood v. Harrington*, 532 F.2d 1248 (9th Cir. 1976). Finally, with respect to this point, it seems only fair that if the government chooses to pursue such a harsh and procrustean remedy as forfeiture, then its compliance with the law should be judged with the same exactitude which it expects of its citizens.

In *U. S. v. One 1976 Buick Skylark, 2-Door Coupe*, 453 F.Supp. 639 (D.C.Colo. 1978) I discussed the state of the law of forfeiture since *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 633, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974). 453 F.Supp. at pages 641–642 the following appears:

The courts have little, if any, discretion in forfeiture cases. (*U. S. v. One 1973 Jaguar Coupe*, 431 F.Supp. 128 (D.C.N.Y. 1977)). It is the government's burden to prove that there was probable cause for the institution of a forfeiture action. (*U. S. v. One 1973 Dodge Van*, 416 F.Supp. 43 (D.C.Mich.1976)). Once established, it is the claimant's burden to prove that the forfeiture does not fall properly within the act. (*U. S. v. One 1972 Toyota Mark II*, 505 F.2d 1162 (C.A.Mo.1974)).

The evidence in this case is, at best, jumbled. The claimant, Robert L. Schear, is a twenty year veteran of the United States Navy who is presently employed on a full-time basis with the Public Service Company of Colorado. As an avocation he collects firearms. Usually in the company of his

father he has attended gun shows and flea markets and displayed some of his collection. He readily admits that he has bought and sold firearms and, that at the time of the seizure of the defendant firearms, he was not possessed of the required license. On the day of the seizure Mr. Schear and his father attended a gun show in Currigan Hall which is part of the Denver Convention Center. There is neither doubt nor controversy that Mr. Schear displayed a number of firearms and that he had at least one conversation with an undercover agent of the Bureau of Alcohol, Tobacco and Firearms concerning a possible sale. However, no evidence was offered to show that any of the defendant firearms were sold either to undercover agents or, for that matter, to anyone else.

■ At some time on April 16, 1978 Mr. Schear and his father left the convention center and were observed by agents of the Bureau of Alcohol, Tobacco and Firearms. Shortly after driving away from the center the Schears vehicle was stopped and they were arrested. The vehicle was searched and found to contain a number of firearms. It is entirely unclear, however, whether the firearms in the vehicle were the same as those displayed in the convention center, whether the firearms seized amounted to all of the firearms found in the vehicle and whether any of the seized firearms were purchased, sold or used to facilitate the purchase or sale of firearms in violation of law. In sum, the government's evidence failed to prove or establish any of the elements which would have triggered the claimant's burden of proving that the forfeiture did not fall properly within the act.

The Administrator of General Services has filed an application for delivery of seized property to the Department of the Army. On September 1, 1978 the claimant, Robert L. Schear, pursuant to 26 U.S.C. § 7325(3) submitted a cashier's check in the amount of $250 as bond, the condition of which was to satisfy all costs and expenses of proceedings to obtain condemnation of the seized firearms. The evidence of both the government and the claimant establish that Robert L. Schear is the owner of the subject firearms. Accordingly,

IT IS ORDERED that the application of the Administrator of General Services is denied, the claimant's bond of $250 is cancelled and the Clerk of the Court shall refund to Robert L. Schear the $250 heretofore deposited as surety therefor.

IT IS FURTHER ORDERED that the plaintiff's complaint is dismissed with prejudice, that judgment shall enter in favor of the defendant firearms and that, upon demand, the United States Marshal shall return the defendant firearms to the possession of the claimant, Robert L. Schear. Let judgment enter accordingly. This complaint and civil action are dismissed.