923 F.2d 864
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lowell HAHN, Defendant-Appellant.
 No. 89-50053.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1991.*
Decided Jan. 15, 1991.
 Before HUG, POOLE and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lowell Hahn appeals his conviction, following a jury trial, for one count of bail jumping in violation of 18 U.S.C. Sec. 3146.[1] Hahn claims the evidence was insufficient to prove that his failure to appear at his own trial was willful. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 In reviewing sufficiency challenges, we ask whether, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences, there was relevant evidence from which the jury could reasonably have found the defendant guilty beyond a reasonable doubt. United States v. Disla, 805 F.2d 1340, 1348 (9th Cir.1986).
 
 
 4
 To support a conviction for bail jumping, the government must show the defendant (1) was released under the Bail Reform Act of 1966, (2) was required to appear in court, (3) was aware of the required appearance, (4) failed to appear as required and (5) the failure to appear was willful. United States v. McGill, 604 F.2d 1252, 1254 (9th Cir.1979), cert. denied, 444 U.S. 1035 (1980). "Proof that an individual acted willfully ordinarily depends on inferences reasonably drawn from the evidence." United States v. Smeaton, 762 F.2d 796, 798 (9th Cir.1985) (quoting United States v. Wilson, 631 F.2d 118, 119 (9th Cir.1980)).
 
 
 5
 Hahn, an attorney, was indicted in April 1983 in three counts for failure to file income tax returns, in violation of 26 U.S.C. Sec. 7203. He was released on a personal recognizance bond. The bond, which he signed, set forth his obligation to appear in court for future proceedings. In a hearing on September 23, 1983, Hahn attempted to enter a guilty plea but refused to plead guilty under oath. The district court declined to accept the plea and scheduled Hahn's trial to begin on September 27, 1983, saying, "All right. Then I will not accept your guilty plea. We will go to trial on Tuesday morning" (RT 9/23/83 at 16). Hahn did not appear for his trial and could not be reached by telephone. Some months later, the prosecutor and the defense attorney each received an unsigned postcard in which the writer expressed regret at having missed their "date" with the district judge. Hahn was arrested five years later in another jurisdiction where he was using an assumed name. At Hahn's trial for bail jumping a handwriting expert opined that Hahn had written the postcards.
 
 
 6
 Hahn claims the evidence was insufficient to show that he knew of his obligation to appear at his own trial, and thus that his failure to appear was wilfull. We disagree. Hahn signed a bond form which explicitly stated his obligation to appear at trial. The district court personally informed Hahn of the trial date four days before his failure to appear. His postcards, long absence, and reappearance under a different name reasonably support the inference that his failure to appear on September 27, 1983 was wilfull. This evidence amply supported the jury's verdict. See Smeaton, 762 F.2d at 797-98.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral agument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The superseding indictment filed in 1988 charged Hahn with violating both Secs. 3146 and 3150. The latter is the version of the bail jumping statute that was in effect in 1983, when Hahn failed to appear in court. It was repealed in 1984, and replaced with Sec. 3146