United States Court of Appeals,

Fifth Circuit.

No. 91–6259

Summary Calendar.

UNITED STATES of America, Plaintiff–Appellee,

v.

Malcolm McCALLUM, Defendant–Appellant.

Sept. 1, 1992.

Appeal from the United States District Court for the Southern District of Texas.

Before JOLLY, DAVIS, and SMITH, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The United States brought this suit in district court in order to collect unpaid federal taxes owed by Malcolm McCallum. The district court granted the government's motion for summary judgment and entered judgment against the taxpayer.

On appeal, McCallum argues that the district court erred in granting summary judgment because the government filed its complaint out of time, because the assessments were unauthorized and procedurally improper, because the court relied on documents that would have been inadmissible at trial, and because the district court did not allow him adequate discovery.

McCallum argues that the assessments were procedurally improper because he did not receive the requisite notice. Because the government presented no evidence that the requisite notice was sent, we agree that there was a disputed factual issue. Thus, the district court erred in granting the government's motion for summary judgment. We therefore reverse and remand this case to the district court.

I

The United States filed this suit in district court seeking to reduce to judgment unpaid federal taxes, penalties, and interest owed by Malcolm McCallum for the years 1974 through 1981. McCallum filed a motion to dismiss the case, arguing that the government filed the case out of time. The district court denied that motion. The United States filed a motion for summary judgment. The district court granted that motion and entered a judgment in favor of the government against the taxpayer in the amount of $239,954.65.

McCallum appeals the district court's judgment.

II

On appeal, McCallum raises basically the same arguments he raised in his response to the government's motion for summary judgment. McCallum argues that the district court erred in granting summary judgment because the government filed its complaint out of time. He further argues that the district court erred in granting summary judgment because the assessments were unauthorized and procedurally improper, and because he did not receive the required notice and demand. He also contends that the district court erred in relying on documents submitted by the government along with its motion for summary judgment. Finally, McCallum argues that the district court erred in granting summary judgment before he had an opportunity to obtain essential evidence through discovery.

III

Summary judgment is appropriate if the moving party establishes that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The granting of a summary judgment motion is reviewed by this court *de novo. Walker v. Sears, Roebuck & Co.,* 853 F.2d 355, 358 (5th Cir.1988).

In its motion for summary judgment, the United States asserted that a delegate of the Secretary of the Treasury had made timely assessments against McCallum for unpaid taxes, penalties, and interest;  that notice and demand for payment had been made;  that McCallum had not paid the amount owed;  and that the assessments were entitled to a presumption of correctness.  The district court granted the government's motion without opinion and entered a judgment against the taxpayer.

IV

A

First, McCallum contends that the government filed its complaint out of time.  26 U.S.C. Section 6502(a) provides that a tax assessment may be collected by a proceeding in court if such proceeding is begun within six years after the tax assessment was made.  The government contends that the assessments were made on June 20, 1983, and that the complaint was timely filed on June 19, 1989.  McCallum contends that the assessments were actually made on September 9, 1982, making the government's complaint untimely.  The examiner apparently did make his report of McCallum's tax liabilities on September 9, 1982, but the assessments were not made until June 20, 1983, when the assessment officer signed the Form 23C Assessment certificates.[1]  Therefore, the government's complaint was timely filed.

B

Next, McCallum contends that the district court erred in granting summary judgment because there was a material fact at issue regarding the authorization of the action against him.  26 U.S.C. Section 7401 provides that the Secretary must authorize any proceeding to recover taxes and that the Attorney General or his delegate must direct that the proceeding be commenced.  Section 7103 provides that the Attorney General or his delegate, at the request of the Secretary, may direct a civil

---

[1]Treas.Reg. § 301.6203–1 provides that an assessment is made when the assessment officer signs the summary record.  The summary record provides the identification of the taxpayer, the character of the liability assumed, the taxable period, and the amount of the assessment.  The Certificates of Assessments and Payments submitted by the government establish that the Form 23C Assessment certificates were signed on June 20, 1983.

action to be filed in district court to enforce a lien of the United States with respect to a taxpayer's liability. Section 7701(a)(11)(B) defines "Secretary" as the Secretary of the Treasury or his delegate.

In its complaint, the government alleged that the action was authorized and requested by the Chief Counsel, Internal Revenue Service, who is a delegate to the Secretary of the Treasury, and that the commencement of the action was directed on behalf of the Attorney General. In McCallum's response to the government's motion for summary judgment, he alleged that an improper delegate acted on behalf of the Secretary to assess him. McCallum did not argue below that this civil action was not authorized by the Secretary or his delegate, or that this civil action was not directed by the Attorney General; he did not even mention Sections 7401 or 7403. In *United States v. Twenty–Two Firearms,* 463 F.Supp. 730, 731 (D.Col.1979), the case on which McCallum relies, the court held that in the absence of a denial, the authorization of the Secretary or his delegate and the direction of the Attorney General or his delegate may be presumed. Thus, there was no material fact at issue below regarding the authorization or direction of the action which would have barred the district court from entering summary judgment.

C

McCallum also argues that he did not receive the notice required by Section 6303(a). Section 6303(a) provides that the Secretary shall provide notice to each person liable for unpaid taxes within 60 days of the assessment. The notice must state the amount and demand payment. In his original answer, McCallum admitted that demands were made to him for payment, but did not specify the amount demanded. In his response to the government's motion for summary judgment, however, McCallum alleged that he did not receive the notice and demand required by Section 6303(a).

In *United States v. Jersey Shore State Bank,* 781 F.2d 974, 981 (3rd Cir.1986), aff'd, 479 U.S. 442, 107 S.Ct. 782, 93 L.Ed.2d 800 (1987), the Third Circuit held that Section 6303(a) only requires notice to those individuals against whom the government can proceed administratively.

There, the question presented was whether the failure of the government to noti fy a third-party lender/wage-payer of an assessment against the taxpayer for which the lender might be personally liable under § 3505 barred collection of the tax in a suit by the government. The Supreme Court affirmed the result, holding that failure to give Section 6303(a) notice is not a bar to the government's bringing a civil suit against a lender under Section 3505. The Supreme Court did not specifically address the Third Circuit's rationale that the government's failure to give notice under Section 6303(a) cuts off only the government's administrative and not judicial remedies. *Jersey Shore,* 479 U.S. at 447, 107 S.Ct. at 785.

In *Security Industrial Ins. Co. v. U.S.,* 830 F.2d 581, 587 (5th Cir.1987), this court stated in dicta that the Supreme Court's language in *Jersey Shore* "reinforces the view that the lack of notice under Section 6303(a) deprives the government of administrative remedies only."[2] In *Security Industrial,* however, we did not decide whether Section 6303(a) deprives the government only of administrative remedies. The Sixth, Ninth, and Eleventh Circuits have come to the conclusion that failure to give notice under Section 6303(a) bars only administrative proceedings. *See United States v. Berman,* 825 F.2d 1053, 1060 (6th Cir.1987); *U.S. v. Kohnke,* 923 F.2d 864 (9th Cir. Jan. 18, 1991) (unpublished); *United States v. Chila,* 871 F.2d 1015, 1019 (11th Cir.1989), *cert. denied,* 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501. Only the Seventh Circuit, in a case decided before the Supreme Court decided *Jersey Shore,* has held that lack of § 6303(a) notice bars civil proceedings

---

[2]The passage we referred to reads as follows:

> Jersey Shore first maintains that, because employers and lenders are similarly situated under the Code, the procedural requirements applicable to employers also must be accorded to lenders. But even assuming that § 6303(a) notice would provide lenders with meaningful information, we are unpersuaded by this contention. Under the collection mechanisms established by the Code, employers and lenders are in very different positions. While employers are subject to the Government's summary collection procedures soon after unpaid employment taxes are assessed, *see, e.g.,* §§ 6321, 6322, 6331, 6335, the legislative history of § 3505 makes clear that the Government may forcibly collect against a lender only by filing a civil suit.... An employer therefore has a greater need for an assessment notice than third-party lenders, who are not subject to summary collection procedures. *Jersey Shore,* 479 U.S. at 447, 107 S.Ct. at 785–786.

as well as administrative proceedings to collect unpaid taxes. *U.S. v. Associates Commercial Corp.,* 721 F.2d 1094, 1098 (7th Cir.1983). As the Supreme Court indicated in *Jersey Shore,* the notice provision in Section 6303(a) was designed to protect taxpayers from the summary administrative powers of the IRS. Such protection is unnecessary when the government initiates a civil proceeding because the complaint gives the taxpayer notice that the government is proceeding against his property. Thus, we hold that failure to give Section 6303(a) notice does not bar the government from bringing a civil action against a taxpayer to collect unpaid taxes.

D

McCallum also argues that the district court erred in granting summary judgment because he did not receive the notice required by Section 6212. Section 6212 provides that when the Secretary determines that there is a deficiency, he is authorized to send the taxpayer notice of the deficiency by certified mail or registered mail. Within 90 days after the notice of deficiency is mailed, the taxpayer can petition the tax court for a redetermination of the deficiency. Section 6213(a). Section 6213(a) further provides:

> Except as otherwise provided in Section 6851, 6852, or 6861, no assessment of a deficiency ... and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90–day period ..., no r if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final.

The government did not allege in its original complaint or its motion for summary judgment that this is a proceeding under §§ 6851, 6852 or 6861 to which the provisions of §§ 6212 and 6213 do not apply.[3] Thus, for the purposes of this appeal, we are assuming that the requirements of § 6212 apply.

The government did not allege in its original complaint or its motion for summary judgment

---

[3]The Certificates of Assessments and Payments refer to "quick assessments." McCallum assumes in his response to the governments motion for summary judgment that the government made jeopardy assessments pursuant to § 6861. The government, however, does not allege that the assessments were jeopardy assessments.

that it sent McCallum notice of the deficiency as required by Section 6212 or that the 90–day period had expired.[4]  In his reply to the motion for summary judgment, McCallum denied having received the notice required by § 6212.[5]  There is no evidence in the record that such notice was sent.  Thus, there was a disputed factual issue as to whether the notice required by § 6212 was sent.  The district court therefore erred in granting summary judgment.

## E

McCallum further contends that the district court erred in relying on the Form 4340 Certificates of Assessment and Payments.  First, he argues that in order for the government to make a prima facie case, it had to submit the Form 23C assessment and the supporting assessment lists.  The government only submitted the Form 4340 Certificates of Assessments and Payments.  A Certificate of Assessment and Payment, however, has been held to be presumptive proof of a valid assessment where the taxpayer has produced no evidence to counter that presumption.  *Rocovich v. U.S.,* 933 F.2d 991, 993 (Fed.Cir.1991);  *Chila,* 871 F.2d at 1018.  Next, McCallum contends that the district court erred in relying on these documents because they would have been inadmissible evidence at trial.  McCallum did not raise this argument below, and therefore we will not address it.  *Honeycutt v. Long,* 861 F.2d 1346, 1352 (5th Cir.1988).[6]  McCallum, of course, may raise these objections on remand.

## F

Finally, McCallum argues that the district court erred in granting summary judgment because he was not afforded an opportunity to obtain evidence through discovery to rebut the motion.

---

[4]The government does allege in its original complaint and motion for summary judgment that notice of the assessment was sent on June 20, 1983.

[5]In his original response to the complaint, McCallum admitted receiving some demands for payment, but did not specify the amount the demands were for.

[6]McCallum objected to the Certificates in district court on the grounds that they were incorrect, not on the grounds that they would have been inadmissible at trial.

McCallum requested each assessment and summary record of assessment. Fed.R.Civ.P. 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

McCallum did not submit an affidavit stating that he could not adequately respond to the government's motion for summary judgment because he needed to obtain documents through discovery. Therefore, the district court's failure to order a continuance or delay its ruling was not error.

V

In conclusion, we hold that the government filed a timely complaint. We further hold that failure to give Section 6303(a) notice deprives the government of administrative remedies but not civil actions. Finally, we hold that the district court erred in granting the government's motion for summary judgment because there was a disputed factual issue as to whether the requisite notice under § 6212 was given. Therefore, the judgment of the district court is REVERSED, and the case is REMANDED for further consideration not inconsistent with this opinion.

REVERSED and REMANDED.