J. Larry BRADSHAW, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 924cv28.

United States District Court,
D. Utah,
Central District.

Dec. 21, 1998.

J. Jay Bullock and Karen Bullock Kreeck, Salt Lake City, UT, for plaintiff.

Paul M. Warner, U.S. Attorney for the District of Utah, Salt Lake City, UT, and Kirk C. Lusty, Tax Division of the Department of Justice, Washington, DC, for defendant.

## MEMORANDUM DECISION and ORDER

J. THOMAS GREENE, District Judge.

This matter is before the court on remand from the Tenth Circuit Court of Appeals for entry of judgment in favor of the defendant on its counterclaim. The plaintiff is represented by J. Jay Bullock and Karen Bullock Kreeck of the Bullock Law Firm. The government is represented by Paul M. Warner, U.S. Attorney for the District of Utah and Kirk C. Lusty, attorney for the Tax Division of the Department of Justice. The government submitted its proposed form of judgment, as to which plaintiff has filed Objections. A hearing occurred on August 6, 1998. After oral argument and submission of post hearing briefs, the matter was taken under advisement. Now being fully advised, the

court enters its Memorandum Decision and Order.

## FACTUAL BACKGROUND

In its opinion dated December 4, 1995, and its Order on Rehearing dated April 18, 1996, the Tenth Circuit found plaintiff Bradshaw to be a "responsible person" for the tax liability of Heritage Building Products (HBP) pursuant to 26 U.S.C. § 6672, and directed that judgment should be entered for the United States in accordance with the court's opinion. The matter was presented to the Supreme Court on petition for certiorari, but that petition was later denied. Notwithstanding what counsel for the government describes as "long discussions," the parties have been unable to agree upon the actual amount due. The government tendered to the court a form of judgment containing its version of the amount due, and defendant filed objections. The issue presented in plaintiff's objections is whether the statute of limitations bars a portion of the amount the government claims to be due. That issue was not presented at the trial in this matter or on appeal because plaintiff claims that the relevant facts were not known until after the appeal was decided and the amount of the judgment was being determined.

In a Certificate of Assessments dated November 9, 1987, the Internal Revenue Service assessed the plaintiff for "miscellaneous penalty" in the amount of $51,738.20 "for the tax period ended September 30, 1986." That assessment document only set forth the following information as of the assessment date:

| Date | Money Amount | Explanation |
| --- | --- | --- |
| 11/09/87 | $51,738.20 | Miscellaneous penalty (GovtExh.B) |

According to information submitted at the August 6, 1998 hearing, the Assessment Record likewise only indicated $51,738.20, the amount of the November 9, 1987 assessment for the period ending September 30, 1986, plus another assessment against plaintiff on March 21, 1988 for the period ending March 31, 1988 in the amount of $23,862.81. [Tr. pp. 5, 9]. It appears that no supporting documents were attached to the Assessment Record, since no objection was raised by the government at the August 6, 1998 hearing to the accuracy or completeness of the Argument Information document which purportedly showed what was contained in the Assessment Record.

The government alleged in its counterclaim that on November 9, 1987, and on March 31, 1988, a delegate of the Secretary of the Treasury made assessments against the plaintiff as follows:

| Tax Period Ending | Amount | Assessment Date |
| --- | --- | --- |
| 12/31/85 | $ 2,493.95 | 11/9/87 |
| 3/31/86 | $23,852.81 | 3/21/88 |
| 6/30/86 | $32,635.96 | 11/9/87 |
| 9/30/86 | $16,608.29 | 11/9/87 |

Plaintiff asserted in his pleadings "lack of knowledge" of the government's counterclaim allegations concerning three separate assessments having been made on November 9, 1987, but plaintiff was aware of and alleged the amounts due based upon his knowledge of employment taxes withheld by Heritage Corporation and knew that the government had assessed penalties against him. Accordingly, at least by the time this lawsuit was filed on May 14, 1992, plaintiff knew the amounts which the government claimed to be due for each of the tax periods.[1] Apparently, plaintiff assumed from the pleadings that the amounts had been separately assessed for each quarter, but plaintiff presented no evidence that notice had not been given previously concerning the November 9, 1987 assessment in the total amount of $51,738.20. Under IRS procedures, such notice is presumed to have been given when a certified copy of the Certificate of Assessments is made, in absence of evidence to the contrary.[2]

Plaintiff asserts that he did not discover that the amounts assessed and claimed to be due for the tax periods ending 12/31/85, 6/30/86 and 9/30/86 had not been set forth in separate assessments on the alleged assessment date, November 9, 1987, until after the appeal was decided by the Tenth Circuit. Plaintiff asserts that he then discovered that the assessment for the tax period ended Sep-

---

1. Based on contacts with an IRS agent, plaintiff alleged that the amount due for the period ending December 31, 1985, was $698.20 rather than $2,493.95 which defendant alleged had been assessed for that period. The amounts due for the quarters ending 6/30/86 and 9/30/86 were alleged by both sides to be in the amounts set forth above.

2. See FN 3, *infra* at p. 1320.

tember 30, 1986 was the one and only assessment which the government ever made concerning not only that tax period but also the tax periods ended 12/31/85 and 7/30/86. The government relies upon the November 9, 1987 assessment as a valid so-called "lump sum" assessment which accurately sets forth the aggregate total for the three tax periods. In this regard, at the hearing on August 6, 1998, the government called Robert Vara, a special procedures advisor for IRS, who testified in substance and effect that even though the assessment in question specified only the tax period ended September 30, 1986, it was in fact an aggregate lump sum assessment which was made on November 9, 1987, embracing the total amount due of $51,738.20 for the three tax periods ended 12/31/85, 6/30/86 and 9/30/86 (Tr. p. 44). Curiously, one of the quarters for 1986, the tax period ended March 31, 1986, was not embraced in November 9, 1987 "lump sum" assessment, but a separate assessment for that tax period was made later, on March 21, 1988. An internal IRS document, Form 2749 dated September 18, 1987, detailed the amounts claimed to be due for the above enumerated three quarterly periods 12/31/85, 6/30/86 and 9/30/86 (Govt. Exh. A). However, that document apparently was not attached to or made a part of the Certificate of Assessments dated November 9, 1987, a copy of which was certified without reference to any attachment as a "true and complete copy."

## DISCUSSION

### I.

Plaintiff claims that since separate assessments in fact were never made for the tax periods 12/31/85 or 6/30/86, and that since the "lump sum" assessment for the tax period ended 9/30/86 did not provide required information or even refer to those two prior tax periods, collection of amounts claimed to be due for those periods is barred by the three year statute of limitations. The issue concerning the statute of limitations was not raised as a defense in any pleading by plaintiff, apparently because plaintiff relied upon the allegations contained in the government's counterclaim that three separate assessments had been made on November 9, 1987, for the tax periods in question. No explanation for the erroneous allegations has ever been submitted to the court, but it is clear that from that point forward both parties proceeded on the assumption that the assessments had been made. That separate assessments had been made was reflected in the pretrial order agreed upon by both sides, adopted as a finding of fact at the trial, and noted in the circuit court's opinion. Accordingly, the statute of limitations issue was not presented to or passed upon by this court or the circuit court. However, under the circumstances of this case the court will consider all evidence presented at the August 6, 1998 hearing, including evidence concerning the statute of limitations.

### II.

The principal issue here presented is whether the lump sum assessment of November 9, 1987, constituted a valid assessment sufficient to prevent the statute of limitations from running relative to the tax periods ended 12/31/85 and 6/30/86.

Plaintiff does not dispute that under clear precedent of the Tenth Circuit "the IRS may make a lump sum assessment of § 6672 penalties, *provided that it otherwise complies with pertinent regulations.*" *Taylor v. Internal Revenue Service,* 69 F.3d 411, 418 (10th Cir.1995) (emphasis added). The limitation of actions statute was not implicated in *Taylor,* nor was it an issue in *Stallard v. United States,* 12 F.3d 489 (5th Cir.1994), which case was discussed and quoted in the *Taylor* case. The issue was presented in another context in *United States v. McCallum,* 970 F.2d 66 (5th Cir.1992). It was claimed in that case that the government's Complaint for recovery of taxes was untimely because the relevant assessment was not made until after the statute had run. That contention was found factually to be incorrect and the assessment was determined to have been timely made, but it was clear that if the assessment had not been timely the amounts claimed to be due would have been time barred.

The relevant statute concerning method of assessment provides:

The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with

rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.

The pertinent regulation prescribed by the Secretary requires the following specificity in the summary assessment record:

> The assessment shall be made by an *assessment officer signing the summary record* of assessment. The summary record, through supporting records, shall provide *identification of the taxpayer*, the *character of the liability assessed*, the *taxable period*, if applicable, and the *amount of the assessment*. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. The date of the assessment is the date the summary record is signed by an assessment officer. 26 C.F.R. § 301.6203-1. (Emphasis added)

■ The applicable limitation of actions provision is as follows:

> Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within *3 years after the return was filed* (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, *at any time after such tax became due* and before the expiration of *3 years after the date on which any part of such tax was paid*, and *no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period*. 26 U.S.C. § 6501. (Emphasis added)

In this case, an internal document (Govt Exh. A) sets forth the amounts claimed to be due for each of the tax periods in question, and if attached to the assessment record arguably the document would provide the specificity needed to comply with the pertinent regulation. However, the only evidence before the court is that the internal form was not attached to or made a part of the Certificate of Assessments. Accordingly, it appears that the government failed to make a valid assessment concerning tax periods ended 12/31/85 and 6/30/86 prior to expiration of the statute of limitations, or at any time thereafter. In this regard, the situation presented here is similar to the apparently defective assessment record presented in *Howell v. U.S.*, 1996 WL 652714 (D.Utah 1996). In that case, Judge Jenkins concluded:

> The IRS failed to meet its burden of proof. The IRS was required to demonstrate that upon Mr. Rogers' request, Rogers was sent pertinent parts of the assessment record containing the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, and the amounts assessed. While the record shows that the IRS did furnish the required name, date, and amount information to Mr. Rogers, the record fails to show that IRS furnished the requisite information concerning the characterization and taxable period of the assessment. Consequently, the Court must conclude that a valid and enforceable assessment was not made. *Stallard v. United States*, 12 F.3d 489 (5th Cir.1994).

As in *Howell*, this court rules that the IRS failed to meet its burden of proof and that the assessment in this case was not valid concerning amounts claimed to be due for tax periods ending December 31, 1985 and June 30, 1986. This does not end the inquiry, however, since we must consider whether plaintiff should have raised the statute of limitations defense at the trial of this matter.

## III.

■ In the case at bar, the three year statute of limitations ran on April 15, 1989 for the period ending December 31, 1985 and on April 15, 1990 for the period ending June 30, 1986, so that whatever assessments the IRS made against plaintiff had to have been made by those dates. On May 14, 1992, plaintiff filed this action, and on May 27, 1992, the taxpayer requested a copy of the assessment or assessments made on November 9, 1987. Apparently the only thing supplied was a copy of the Certificate of Assessments and Payments, showing the assessment amount of $51,738.20, which has been referred to herein as the so-called "lump sum" assessment of November 9, 1987 (Govt. Exh. B). However, the "Certificate of Official Record" which was attached to the document and issued on June 9, 1992, con-

tained the following certification by the representative of the Secretary of the Treasury:

I certify that the annexed is a true and complete copy of Certificate of Assessment and Payments for Jay L. Bradshaw, 4410 Lynne Lane, Salt Lake City, Utah 841243606 for *Form 2749 (IRS 6672)* for the tax period ended September 30, 1986. (Emphasis added.) (Certification Letter attached to Govt. Exh. B)

This alerted plaintiff to the connection between the Certificate of Assessments and Form 2749, which is the internal IRS document which contains much if not all of the specificity required to comply with Regulation 6203–1. That document was produced at the trial as Government Exhibit A. The "Certificate of Official Record" attached to the Certificate of Assessment (Government Exhibit B) provided plaintiff notice that the internal document was the basis for the government computation of the "lump sum" assessment. It should have been apparent to plaintiff that the statute of limitations defense could be raised because the necessary information had not been set forth in that assessment for the periods 12/31/85 and 6/30/86. It therefore appears that all of the arguments now asserted could have been and should have been discovered before trial and presented to the court at the original trial in this matter.

It is manifest that the amounts claimed to be due for each of the pertinent tax periods in 1985 and 1986, were known to the taxpayer at least by the time this case went to trial in 1992. In this regard, plaintiff admits that he was aware of the amounts of employment taxes withheld by Heritage for the calendar quarters which the IRS brought into question, and that the IRS had "assessed penalties against plaintiff." (Pl. Response Memo. P. 3) Plaintiff was aware of the Certificate of Assessments dated November 9, 1987 because it was an exhibit at the trial (Govt. Exh. B). Also, notice of the claimed total amount due of $51,738.20 for the quarter

ended September 30, 1986 presumptively was given previously in connection with the November 9, 1987 assessment.[3] So, prior to and at the time when the lawsuit was tried plaintiff should have been well aware of that assessment and the lack of specificity now claimed to exist, and should have raised the statute of limitations as a defense if ever it was to be relied upon.[4]

Based upon the foregoing, it is the view of this court that regardless of any claimed defect in the "lump sum" assessment for statute of limitations purposes, the matter should have been timely raised and presented at the trial. If it had been so presented, this court would have been able to determine whether under all of the facts and circumstances the "lump sum" assessment was fatally defective, whether the notice and knowledge the taxpayer had would estop him from raising the statute of limitations defense, whether the statute of limitations had been tolled, and whether there was any undue or inequitable prejudice to plaintiff. Accordingly, under the circumstances of this case, this court rules that the statute of limitations defense was waived and that plaintiff is now barred from raising that defense in this civil proceeding.

## IV.

■ Having determined that the statute of limitation is not applicable under the circumstances of this case, the court will now address the amount due to be paid by plaintiff. There is no dispute relative to the amounts claimed by the government for tax periods ended 3/31/86, 6/30/86 and 9/30/86. There is dispute as to the amount claimed by the government for the tax period ended 12/31/85. In this regard, the government claims that $2,493.95 is due, while the taxpayer claims that only the sum of $698.63 is due. It is undisputed that Heritage Corporation originally failed to pay $698.63 in withholding taxes to the Internal Revenue Service for the

---

**3.** A certified copy of a Certificate of Assessments and Payments is sufficient proof of adequacy and propriety of notices and assessments absent evidence to the contrary. *Long v. U.S.,* 972 F.2d 1174, 1181 (10th Cir.1992) *citing Gentry v. U.S.,* 962 F.2d 555, 557 (6th Cir.1992). *See also James v. U.S.,* 970 F.2d 750 (10th Cir.1992).

**4.** Federal Rules of Civ.Proc. Rules 8(c), 12(h), 15(a). See *Roe v. Sears, Roebuck & Co.,* 132 F.2d 829 (7th Cir.1943).

period ending December 31, 1985, and that interest and penalties subsequently accrued against the corporation because of late payments and late filing. Although Heritage paid a substantial portion of the underlying debt, the balance of $2,493.95 remained. When the IRS imposed its responsible person 100% penalty against Bradshaw in the amount of $2,493.95, it included a portion of the unpaid interest and penalties attributable to Heritage. Under the plain meaning of the relevant statute, responsible persons can be held liable for an amount equal to 100% of an entities' unpaid withholding taxes, but such individual is not responsible for penalties and interest assessed against the corporation for failure to pay. 26 U.S.C. § 6672.[5] In this regard, the Eleventh Circuit in *Williams v. U.S.*, 939 F.2d 915, 916 (11th Cir.1991) said, citing *First National Bank in Palm Beach v. U.S.*, 591 F.2d at 1146, 1149:

> "[U]nder § 6672, responsible persons may be liable for a 100% penalty for withholding taxes not paid by their corporation, but not for penalties and interest assessed against the corporation for failure to pay withholding tax."

Therefore, it is the view of this Court that the amount due for the period ending December 31, 1985 is $698.63.

It follows that judgment should be entered against the taxpayer in the amount of $49,943.88 for the tax periods ended 12/31/85, 6/30/86 and 9/30/86,[6] plus the amount of $23,852.81, for the tax period ended 3/31/86, for a total of $73,796.69, less credit for payments made, plus interest.

## V.

In previous proceedings, this court found that the government's lien on the personal residence in the name of plaintiff's spouse, Patricia J. Bradshaw, should be released. The government was directed in the judgment entered October 20, 1993, as well as the amended judgment dated December 23, 1993, "to release the Federal tax lien the Internal Revenue Service has filed against the personal residence owned by the wife of the plaintiff." This court at the hearing on August 6, 1998, again directed that the lien should be released and that the prior ruling in which the court recognized ownership of the property by Mrs. Bradshaw should stand. The government did not present evidence of any kind that it had a legitimate claim to that property, and admitted at the August 6, 1998 hearing that its suggestion of a possible "nominee relationship" was not supported by any evidence before the court. (Tr. 55) Also, the government raised no issue or objection before the circuit court concerning this court's findings, conclusions and judgment directing release of the lien against Mrs. Bradshaw.

At the hearing on August 6, 1998, plaintiff presented evidence that the property has been owned by Mrs. Bradshaw by reason of quit claim deed since March 19, 1980 (Exh. A attached to plaintiff's Memo re outstanding issues), and that this was as a result of tax planning by a tax attorney dating back to October 1969 (Exh. B attached to plaintiff's Memo re outstanding issues).

Based upon the foregoing, it is hereby

ORDERED, that judgment should be entered in favor of the government against plaintiff in the amount of $73,796.69, less payments by plaintiff and any other credits, plus interest; it is

FURTHER ORDERED, that the lien which has been placed against the real property owned by Mrs. Bradshaw be released forthwith in accordance with Judgment contemporaneously made and entered on the date hereof.

Counsel for plaintiff is directed to prepare and file a form of judgment containing the amount due to be paid by plaintiff within 30 days of the date hereof, in accordance with

---

5. Section 6672 reads in relevant part: "Any [responsible person] ... shall, in addition to other penalties, be liable to a penalty equal to the total amount of the tax evaded ... The penalty imposed by section 6672 applies only to the collection, accounting for, or payment over of *taxes* ... " (Emphasis added).

6. $698.63, $32,635.96 and $16,608.29 for tax periods ended 12/31/85, 6/30/86 and 9/30/86, respectively.

this opinion, after first complying with local rule 212.