# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-10922
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOHNNY D. RUPE[*]

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
4:06-CV-116

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[**]

Defendant Johnny Rupe earned wages and was employed during tax years 1997-2000. Johnny Rupe and his wife Sherry Rupe jointly filed a tax return for tax year 1996 but claimed their wages were not subject to federal income

---

[*] Even though Johnny D. Rupe is the only co-defendant who signed the notice of appeal, he is acting pro se and therefore "[a] pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse [i.e., Sherry J. Rupe] and minor children (if they are parties), unless the notice clearly indicates otherwise." FED. R. APP. P. 3(c)(2). Accordingly, the notice of appeal is effective as to Sherry J. Rupe but not effective as to the other co-defendants.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

taxation because compensation for labor is not taxable. Johnny Rupe failed to file tax returns for years 1997 through 2000. The Rupes' joint liability for tax year 1996 is $49,366.31. Johnny Rupe's liability for years 1997 through 2000 totaled $133,115.93. The IRS placed liens on the Rupes' property and assets to cover their tax liability. The IRS sued the Rupes to reduce its liens to judgment. The Rupes do not challenge the actual deficiency amount. Instead, the Rupes argue on appeal that the IRS is acting without valid legal authority because (1) the Rupes are not taxpayers, (2) the IRS did not comply with the Paperwork Reduction Act, and (3) the IRS did not have proof of the tax liability because it did not produce Forms 23C for the tax years in question. The district court rejected these arguments and entered a final judgment ordering the foreclosure of the federal tax liens on the Rupes' real property in order to satisfy their tax liabilities. We now AFFIRM the district court's judgment, because the Rupes' arguments are without merit for the following reasons.

First, the Rupes argue that because there is no statute that authorizes personal liability for income taxation, they cannot be personally liable. "We perceive no need to refute these arguments [regarding the validity of the income taxation system] with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. C.I.R., 737 F.2d 1417, 1417 (5th Cir. 1984); see also Gittinger v. C.I.R., 448 F.3d 831, 832 (5th Cir. 2006) (rejecting similar arguments as frivolous); Knight v. C.I.R., 128 S. Ct. 782, 785 (2008) ("The Internal Revenue Code imposes a tax on the 'taxable income' of both individuals and trusts.") (citing 26 U.S.C. § 1).

Second, the Paperwork Reduction Act requirements do not affect the taxpayer's obligations to file a tax return and, accordingly, to fulfill his tax liabilities as imposed by statute. See United State v. Kerwin, 945 F.2d 92, 92 (5th Cir. 1991) ("[T]he Paperwork Reduction Act does not apply to the statutory requirement that a taxpayer must file a return.").

Third, the Rupes argue that the IRS violated 26 U.S.C. § 6203 by failing to submit a Form 23C. Section 6203 provides that a tax "assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment." In more detail, Treasury regulations require:

> The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. The date of the assessment is the date the summary record is signed by an assessment officer. If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.

26 C.F.R. § 301.6203-1. Form 23C is a paper statement that contains the required assessment information and, before computerization, was used as the standard assessment record in satisfaction of IRS's statutory and regulatory obligations. See March v. IRS, 335 F.3d 1186, 1188-189 (10th Cir. 2003); Roberts v. C.I.R., 329 F.3d 1224, 1228 (11th Cir. 2003). Even though the IRS did not present a Form 23C in this case, it did present to the Rupes a computer generated summary record, RACS 006, and a Form 4340 for the tax years. Two circuit courts in published opinions examining this issue permit the IRS to use the RACS 006 and Form 4340 to satisfy its obligations. See, e.g., March, 335 F.3d at 118-189; Roberts, 329 F.3d at 1228. We agreed with these other courts in United States v. McCallum, 970 F.2d 66, 71 (5th Cir. 1992) that Form 4340

can be "presumptive proof of a valid assessment where the taxpayer has produced no evidence to counter that presumption." The Rupes have not produced any evidence that challenges the correctness of the assessment. The IRS thereby satisfied its statutory and regulatory obligations, and the Rupes' argument is without merit.

The district court's judgment is therefore

AFFIRMED.