**Jerry S. PAYNE, Plaintiff–Appellant**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 09–20349.

United States Court of Appeals, Fifth Circuit.

June 24, 2010.

Jerry S. Payne, Houston, TX, pro se.

Regina Sherry Moriarty, U.S. Department of Justice, Washington, DC, Joshua David Smeltzer, U.S. Department of Justice, Dallas, TX, for Defendant–Appellee.

Before JONES, Chief Judge, and BENAVIDES and PRADO, Circuit Judges.

PER CURIAM: *

The question before us is whether the district court properly granted the Government's summary judgment motion in this tax case. Because the district court erred in not viewing the evidence in the light most favorable to Payne and because our de novo review convinces us that there are

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

material issues of fact such that summary judgment was improper, we VACATE and REMAND.

## I. FACTUAL BACKGROUND

Jerry S. Payne appears in this case *pro se.* Payne was the president and sole shareholder of JKP Enterprises ("JKP"), a corporation that operated a topless bar called Caligula XXI (the "Club").[1] Payne hired individuals to handle affairs and delegated duties at the Club because he did not review JKP's financial statements or attend business meetings. With regard to financial matters, including payroll taxes, Payne stated that "the CPA was supposed to overlook [sic] the whole thing." The Club's long-time CPA, Tim Wynada, left JKP in 1998 or early 1999, due to the lack of funds. After Wynada's departure, Payne hired Amy Urbanek to help with JKP's business matters. Urbanek, along with Club employees Scott McCarthy, Mitchell White, and Aaron Racicot, were "in charge of overseeing the club's office" during 1999.

Payne signed JKP's Form 941 for the 1st Quarter 1999. He testified that when McCarthy presented him with the 1st Quarter Form 941, McCarthy told him that "everything was paid for." The 1st Quarter Form 941 listed JKP's tax due for the quarter as $25,134.58 and stated that the requisite deposits had been made. Payne did not review or verify the Form nor ensure that anyone actually made any of the tax deposits listed.

JKP did not file Forms 941 for the 2nd, 3rd, or 4th Quarter 1999. During those quarters, however, JKP continued to pay various creditors, including the Club's landlord, the Texas Comptroller, and the Club's employees. After the 1st Quarter, JKP did not deposit or pay withholding taxes due. Payne "did not learn that the payroll taxes had not been paid until late 2000." The Club floundered in 1999, and JKP ceased to operate in September 1999.[2]

The IRS assessed recovery penalties against Payne for JKP's short payment of withholding taxes from the 1st Quarter 1999 and failure to pay withholding taxes from the 2nd, 3rd, and 4th Quarters 1999 under 26 U.S.C. § 6672.[3] The IRS assessed $16,916.26 against Payne for the 1st Quarter, representing the difference between the amount of taxes stated on the 1st Quarter Form 941 and the amount actually deposited. The IRS prepared substitutes for the missing Forms 941 under IRC § 6020(b), basing JKP's liabilities

---

**1.** Personally, or through JKP Enterprises, Payne has appeared before the Fifth Circuit five times. *See Payne v. Comm'r,* 224 F.3d 415, 424 (5th Cir.2000) (reversing Tax Court finding of unpaid back taxes outside of the statutory period, because the Government failed to present clear and convincing evidence of fraud); *see also Gordon v. JKP Enterprs., Inc.,* 71 Fed.Appx. 441 (5th Cir.2003) (per curiam) (unpublished) (affirming an award of attorney's fees); *Gordon v. JKP Enterps., Inc.,* 35 Fed.Appx. 386 (5th Cir.2002) (per curiam) (unpublished) (considering claims of racial discrimination and awards by the district court); *see also Payne v. United States,* 107 Fed.Appx. 445 (5th Cir.2004) (per curiam) (unpublished) (affirming district court's amended finding of good faith inter-

pretation of statute on the part of the IRS agent); *Payne v. United States,* 289 F.3d 377, 384–85 (5th Cir.2002) (reversing a district court's finding of bad faith on the part of an IRS agent and remanding for findings). The colorful history of the Club is recounted more fully in those cases.

**2.** Accordingly to Payne, the records of the Club, including any evidence of the Club's closure, were lost or destroyed after JKP ceased to operate and was taken over by others.

**3.** Hereinafter, Title 26 of the United States Code, comprising the Internal Revenue Code, will be referred to as the "IRC."

on amounts the IRS claims to have received from the Texas Workforce Commission, representing wages paid by JKP during the periods in question. The IRS assessed $39,541,32 for each of the outstanding quarters, along with penalties and interest.

Payne paid a portion of each assessment ($25 for each employee for each quarter) and filed an administrative claim for a refund with the IRS. The IRS denied Payne's claim and subsequently withheld $6,000 from Payne's personal income tax refunds. Payne filed suit in the Southern District of Texas claiming that the IRS had erroneously withheld his tax refund because the Government could not ascribe JKP's tax liabilities to him and erroneously calculated the assessments for the 2nd, 3rd, and 4th Quarters. The Government counterclaimed for the unpaid balance of JKP's assessments.

Payne requested production of Form 23C Assessment Certificates, and the Government responded by producing two different sets of Forms 4340, one for Payne and one for JKP.[4] The Payne Forms 4340 state the "Assessment date (23C, RAC 006)" for each assessment period and show a "miscellaneous penalty" under § 6672 trust fund recovery as $16,916.26 for the 1st Quarter 2009, and $30,972.17 for the 2nd, 3rd, and 4th Quarters 2009.[5] The JKP Forms 4340 also show the pertinent assessment periods, but reflect outstanding tax liability balances of $20,110.57 for the 1st Quarter 1999, and "substitute for return" amounts of $39,541.32 for the 2nd,

3rd, and 4th Quarters 1999.[6] When the Government failed to produce Forms 23C, Payne moved for discovery sanctions. A magistrate judge denied Payne's motion, and the parties cross-moved for summary judgment on the assessments.

The Government's evidence consisted of the Forms 4340, JKP's bank statements from Comerica demonstrating checks signed by Payne, and deposition testimony from various individuals involved with JKP. Payne's evidence consisted of affidavits and deposition testimony, payroll figures from Comerica, and the Government's failure to produce Forms 23C. According to Payne, the amounts charged should have been $22,366.30 for the 2nd Quarter, $1,448.00 for the 3rd Quarter, and, because JKP went out of business, $0 for the 4th Quarter.

The district court denied Payne's motion and granted the Government's motion for summary judgment. The court rejected Payne's argument, holding that the produced Forms 4340 were "valid evidence of Payne's assessed liabilities and the IRS's notice thereof." The court next held that Payne was a "responsible person" under § 6672 and therefore potentially liable for JKP's failure to pay withholding. The court also held that Payne had "not adduced evidence sufficient to create a genuine issue regarding [his] willfulness" because the court found that Payne had "recklessly disregarded the obvious risk that JKP's taxes were not remitted to the Government." Finally, the court rejected Payne's submissions regarding the

---

4. Form 4340, the Certificate of Assessments, Payments and Other Specified Matters, is a summary statement of the outstanding taxes owed by a taxpayer.

5. The outstanding balance on the 1st Quarter Form 4340 is $11,342.47, and the outstanding balance on the 2nd Quarter Form 4340 is $30,872.17. These slight reductions from the

full assessment amounts represent subsequent credits or adjustments to the assessments.

6. The actual amounts owed by JKP are $58,459.38 for the 2nd Quarter 1999, $57,508.91 for the 3rd Quarter, and $52,436.41 for the 4th Quarter. The different balances for each period reflect the accumulation of interest on the outstanding amounts.

amounts of the 2nd, 3rd, and 4th Quarter 1999 assessments because the court found the offered testimony "equivocal" and was not convinced that the Comerica bank account was the only one used for payroll. Payne timely appealed.

## II. DISCUSSION

We review *de novo* the district court's award of summary judgment, applying the same standard as the district court. *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir.2001). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir.2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "On cross-motions for summary judgment, we review each party's motion

independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Ford Motor Co.*, 264 F.3d at 498.

### A. Was There a Material Issue of Fact Regarding the Assessments?

Under IRC §§ 3102(a) and 3402(a), employers must withhold federal social security and income taxes from the wages of employees and deposit those funds, in trust, for the Government. If a corporation fails to pay withholding taxes, the appropriate amount is "recorded as 'assessments.'"[7] *See Brafman v. United States*, 384 F.2d 863, 865 n. 4 (5th Cir. 1967) (quoting 26 C.F.R. § 601.104 (1966)). IRC § 6672[8] gives the IRS a powerful weapon against nonpayment of withholding taxes, allowing the IRS to circumvent traditional liability constructs and pursue certain individuals for 100 percent of the corporation's unpaid taxes. An individual faces liability under § 6672 if he (1) is a person responsible for the payment of withholding taxes, *Mazo v. United States*, 591 F.2d 1151, 1156 (5th Cir.1979); and (2) willfully failed to pay the taxes. *See Logal*

---

7. Under IRC § 6203, an assessment "shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." Treasury Regulation section 301.6203–1 governs the manner of making assessments:

  The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. The date of the assessment is the date the summary record is signed by an assessment officer.

Under this same section, "[i]f the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed." *Id.*

8. Section 6672 provides that:

  Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

*v. United States,* 195 F.3d 229, 232 (5th Cir.1999). On appeal, Payne does not dispute that he was a responsible person.

Form 4340 creates a rebuttable presumption of validity. *Stallard v. United States,* 12 F.3d 489, 493 (5th Cir.1994) (citing *United States v. McCallum,* 970 F.2d 66, 71 (5th Cir.1992)). In *McCallum,* we held that Form 4340 can be "presumptive proof of a valid assessment where the taxpayer has produced no evidence to counter that presumption." 970 F.2d at 71 (citations omitted). Most recently, in *United States v. Rupe,* this Court held that the Government discharged its obligations by providing the taxpayers with Form 4340 and RACS 006 (a computer generated descendant of Form 23C). 308 Fed.Appx. 777, 778–79 (5th Cir.2009) (per curiam) (unpublished).

Here, the Government provided Forms 4340 that listed the pertinent taxpayer's name, assessment period, assessment date, nature of the assessment, and amount. However, unlike in *McCallum* in which no evidence was produced by the taxpayer, Payne's affidavit questions many of the facts that the Government relies on and offers a different interpretation of events. Payne also contends that these figures cannot be correct, based on testimony that JKP ceased to operate in the fall of 1999 and the bank accounts containing much lower amounts. These discrepancies created a material issue of fact, and the district court erred in granting summary judgment on the assessment issue.

### B. Did the Government Establish "Willfullness"?

Under § 6672, a responsible person is only liable for 100 percent of the corporation's withholding taxes if she "willfully failed to perform a duty to collect, account, and pay over the tax." *Mazo,* 591 F.2d at 1154 (internal quotations omitted). Will-

fulness requires a "voluntary, conscious, and intentional act." *Gustin v. United States,* 876 F.2d 485, 492 (5th Cir.1989) (citing *Wood v. United States,* 808 F.2d 411, 415 (5th Cir.1987)). It may be established with "evidence that the responsible person paid other creditors with knowledge that withholding taxes were due at the time to the United States." *Id.* (citing *Wood,* 808 F.2d at 415; *Howard v. United States,* 711 F.2d 729, 736 (5th Cir.1983)). Moreover, willfulness includes a "reckless disregard of a known or obvious risk that trust funds would not be paid over to the United States." *Id.* (citing *Wood,* 808 F.2d at 415). Nonetheless, we have cautioned that "[m]ere negligence ... does not establish willfulness." *Id.* (citations omitted). This Court has also held that reckless disregard includes a "fail[ure] to investigate or to correct mismanagement after being notified that withholding taxes have not been duly remitted." *Mazo,* 591 F.2d at 1155 (citations omitted). The Eleventh Circuit, using language similar to that in our *Wood* opinion, has held that "a responsible person is liable under § 6672 if he or she either had actual knowledge that the taxes were not being paid or acted with a reckless disregard of a known or obvious risk of nonpayment." *Malloy v. United States,* 17 F.3d 329, 332 (11th Cir. 1994).

The Government's argument rests on the premise that Payne knew or should have known that the taxes were due and that the individuals responsible for the payment of taxes were unreliable; therefore, Payne should have inquired as to the tax payments. But in viewing the facts in the light most favorable to Payne, there is a genuine issue of material fact with respect to whether Payne willfully failed to pay the withholding taxes. In the face of such conflicting evidence, we decline to uphold the district court's ruling that the

entire record is devoid of a triable issue of fact.

### C. Did the Government Establish the Correct 2nd, 3rd, and 4th Quarter Amounts?

 To rebut the summary judgment motion on the amount of assessments at the summary judgment stage, Payne must merely produce a triable issue of fact to rebut the Government's presumption. *See Anderson*, 477 U.S. at 248, 106 S.Ct. 2505 (noting that movants for summary judgment may prevail only if they have demonstrated that there are no genuine issue of material fact). The identical figures for the 2nd, 3rd, and 4th Quarters 1999, the bank accounts, and the testimony of JKP's closure create material issues of fact.

Payne presented the following evidence to rebut the Government's presumption of validity: Comerica corporate bank accounts showing the payroll accounts for those quarters and affidavits and testimony that JKP went out of business at the end of the 3rd Quarter. Payne did not come forward with any other business records to reflect the closure of JKP because all of the records were lost or destroyed. The assessments for the 2nd, 3rd, and 4th Quarters 1999 are strange because the amounts are identical. The shared figures might be typical for a business with consistent salaries and employees, but JKP's business was volatile. There is ample testimony concerning staffing changes and business cash flow problems to indicate that static withholding taxes would not have occurred. The district court dismissed Payne's submitted Comerica bank accounts because Payne could offer no other evidence that these accounts were the only ones used for payroll and found testimony regarding JKP's closure to be "equivocal" because the court felt that the affiant relied entirely on information conveyed by Payne. The court failed to view the evidence in the light most favorable to Payne. *See Ford Motor Co.*, 264 F.3d at 498. Further, these determinations are questions of fact for the fact finder. *See Gates*, 537 F.3d at 417. Thus, the district court erred in granting summary judgment on the amount of assessments.

### III. CONCLUSION

Accordingly, we VACATE and REMAND the district court's grant of summary judgment on all issues.