United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-21031

JERRY S. PAYNE, ET AL.,

Plaintiffs,

JERRY S. PAYNE,

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA; ET AL.,

Defendants,

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas, Houston

( H-95-CV-1364 )

Before KING, Chief Judge, and DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Jerry Payne filed suit against the United States to recover damages for alleged unlawful disclosure of confidential tax

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

return information by Internal Revenue Service ("IRS") Special Agent Daniel Batista during a criminal investigation. Payne v. United States, 91 F. Supp. 2d 1014 (S.D. Tex. 1999). This wrongful disclosure claim was tried to the court, and at the conclusion of the trial, the district court found that: (1) Batista made a large number of third-party contacts in the course of his investigation of Payne without first determining whether the information sought was otherwise reasonably available; (2) Batista did not consider himself under any obligation to seek necessary information from Payne; (3) Batista disclosed numerous items of return information to these third parties, including the fact that Payne was subject to a criminal investigation; (4) there was no evidence that any of the disclosures of return information were necessary to obtain the information Batista sought; (5) Batista's disclosures did not result from a good faith, but erroneous, interpretation of the applicable statutory provision; (6) Batista's improper disclosures damaged Payne's law practice; (7) Batista grossly abused his discretion in making the numerous third-party contacts without first affording Payne the opportunity to provide the needed information and in particular by inquiring about Payne's involvement with illegal drugs; and (8) the United States's litigation position was unreasonable given that Batista made no determination as to whether the information he sought was otherwise reasonably available. The district court awarded Payne $1,536,680 in actual damages, $1,000 in punitive damages, and $105,361 in

attorney's fees and costs.

On appeal, another panel of this Court reversed the judgment of the district court and remanded the case for further findings in light of this Court's decision in <u>Gandy v. United States</u>, 234 F.3d 281 (5th Cir. 2000), which was issued subsequent to the district court's disposition of the case. <u>Payne v. United States</u>, 289 F.3d 377, 385 (5th Cir. 2002). On remand, the district court, applying the teachings of <u>Gandy</u>, ordered that Payne take nothing, finding that although the IRS agent improperly disclosed Payne's confidential return information, no liability attached because such disclosures resulted from the agent's good faith, but erroneous, interpretation of the Internal Revenue Code. <u>Payne v. United States</u>, 290 F. Supp. 2d 742, 759 (S.D. Tex. 2003). Payne timely appealed.

Having carefully reviewed the entire record of this case and having fully considered the parties' respective briefing and arguments, we find no reversible error in the district court's amended findings of fact and conclusions of law. We therefore AFFIRM the amended final judgment of the district court for the reasons stated in its order.

AFFIRMED.