United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 15, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 03-30404
Summary Calendar

ROSA MCLAUGHLIN,

Plaintiff-Appellant,

versus

W & T OFFSHORE, INC.,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
(No. 02-CV-872)

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

　　Appellant Rosa McLaughlin ("McLaughlin") appeals the district court's grant of summary judgment to Appellee W & T Offshore ("W & T") on her pregnancy discrimination claims. McLaughlin claimed discrimination in violation of the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000(e) *et seq.*, and state pregnancy discrimination laws, discrimination in violation of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*., and retaliation. Finding no error, we AFFIRM.

## I. FACTS AND PROCEEDINGS

McLaughlin was hired by W & T as an accounting clerk in 1997. She went on maternity leave from July 18, 2000 until September 12, 2000. Upon her return to work on September 13, McLaughlin was told she was terminated because her position had been eliminated. During McLaughlin's maternity leave, two other employees took over her duties in addition to their own. Because W & T claimed these two employees would function better at McLaughlin's job than McLaughlin, she was terminated. On March 22, 2002, McLaughlin filed a complaint alleging violations of FMLA, the PDA, and alleging retaliation. After a period of discovery, W & T filed a second[1] motion for summary judgment, which the district court granted on March 27, 2003, dismissing McLaughlin's complaint with prejudice.

On appeal, we construe, as we must, the following evidence and facts in favor of McLaughlin. McLaughlin's direct supervisor through October 1999 indicated he was satisfied with her work. Similarly, McLaughlin's supervisor at the time of her termination never recommended her dismissal, and instead indicated that she had achieved job expectation. McLaughlin admits that she received a reprimand for tardiness in December 1998. After that warning, however, she was never warned again for tardiness. McLaughlin also admits that she left the fax machine unplugged, warranting another reprimand in her personnel file. Again, after this infraction, McLaughlin claims there were no further incidents. Although she was given a warning for making excessive personal telephone calls in May

---

[1] W & T initially filed a motion for summary judgment on June 18, 2002, which was stayed for discovery and eventually denied as premature, although the district court stated that W & T could "refile" this motion after McLaughlin conducted more discovery.

1999, no further warnings were given. None of these infractions suggested to McLaughlin that she was in danger of losing her job.

McLaughlin claims that she was not responsible for an alleged interest expense to W & T of $1,945.21 arising out of a mistaken loan to W & T of $1,000,000.00, and never received the written reprimand allegedly sent by W & T. McLaughlin does acknowledge nonperformance of her duty to send out checks, but insists she was never disciplined for this mistake, and never received the written reprimand allegedly sent by W & T. McLaughlin further admits to sending wire instructions to Whitney Bank via fax, not normally a task she would be permitted to perform, but maintains she performed these duties at the behest of her supervisor, and that W & T subsequently accepted her explanation of the incident.

Finally, certain employees at W & T made comments to McLaughlin after she announced her pregnancy. One employee, not McLaughlin's supervisor, commented that McLaughlin should not return to work after her maternity leave, because her husband made enough money for McLaughlin not to need to work. Another co-worker, one of the two employees who later took over McLaughlin's duties, indicated to McLaughlin that she intended to replace McLaughlin after her return from maternity leave.

## II. STANDARD OF REVIEW

We review rulings on motions for summary judgment *de novo*, applying the same standard as the district court. *King v. Ill. Cent. R. R.*, 337 F.3d 550, 553 (5th Cir. 2003). A court may only grant summary judgment if there is no genuine issue of material fact, such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "In determining whether summary judgment is appropriate, all the evidence introduced and all of the factual inferences from the evidence

3

are viewed in a light most favorable to the party opposing the motion and all reasonable doubts about the facts should be resolved in favor of the nonmoving party." *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002).

## III.  DISCUSSION

On appeal McLaughlin only contests the district court's dismissal of her PDA claims.[2] We analyze a PDA claim in the same way that we analyze a Title VII discrimination claim. *Urbano v. Cont'l Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998).  A plaintiff can prove pregnancy-based discrimination either by direct or circumstantial evidence.

A.     Intentional Discrimination

McLaughlin alleges intentional discrimination by her employers, but offers no direct evidence of such discrimination.  The statement by one employer that he could not say with certainty that if McLaughlin had not gone on maternity leave, she would still have been fired on September 13 is simply insufficient.  It requires the fact-finder to infer from this statement some discriminatory intent.  Because inference is necessary, it is not direct evidence.  *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 415 (5th Cir. 2003).

B.     Circumstantial Evidence of Discrimination

In order to establish discrimination based on circumstantial evidence, the burden is first on the plaintiff to "isolate and identify a particular employment practice which is the cause of the disparity and provide evidence sufficient to raise an inference of causation." *Garcia v. Women's Hosp. of Texas*, 97 F.3d 810, 813 (5th Cir. 1996).  After making out this prima facie case, the burden shifts

---

[2]McLaughlin does not argue that she has waived her FMLA claim and her retaliation claim.  We therefore do not address those claims on appeal.

to the employer to provide evidence that the practice is related to a legitimate, non-discriminatory purpose. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2002). Once a defendant produces this non-discriminatory purpose, the presumption of discrimination dissolves and the plaintiff bears the ultimate burden of persuading the fact-finder that the employer intentionally discriminated against her, and that the non-discriminatory justifications are mere pretext. *Laxton*, 333 F.3d at 578.

### 1. McLaughlin made out a prima facie case of discrimination.

Although disputed by W & T, McLaughlin provided enough evidence to establish a prima facie case of discrimination. In order to make out a prima facie case of discrimination under Title VII, a plaintiff must show: (1) she was a member of the protected class; (2) she was qualified for the position; (3) she was discharged; and (4) after she was discharged, she was replaced with a person who is not a member of the protected class. *Bauer v. Albermarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999). No one disputes that McLaughlin was pregnant, or that she was discharged. As the district court correctly noted, McLaughlin was moved into a position for which W & T felt she was qualified. Further, although McLaughlin was not replaced by a single person, her duties were delegated to two employees who were not pregnant. McLaughlin established a prima facie case of pregnancy discrimination.

### 2. W & T provided a non-discriminatory justification for the action.

W & T has maintained throughout the litigation that they terminated McLaughlin's employment because during her maternity leave, it was discovered that other employees could perform both their duties and McLaughlin's better and with fewer errors than McLaughlin could alone. McLaughlin counters these assertions by claiming that W & T has not consistently stated that

5

her termination was due to elimination of her position, but rather has wavered between arguing her dismissal was one for cause, due to the incidents mentioned above, and arguing termination due to elimination of her position. McLaughlin's arguments are unavailing. Based on the record, W & T has not made two separate arguments, but rather has always argued that McLaughlin's position was eliminated. One of the reasons it was eliminated was that two other employees could perform McLaughlin's work with fewer errors than could McLaughlin. To prove this point, W & T provided examples of mistakes or omissions attributed to McLaughlin. McLaughlin does not dispute most of these errors; she merely contends that she was not put on notice that she could be fired for such lapses. There is nothing nefarious about W & T's argument, and they meet the burden of providing a non-discriminatory justification for McLaughlin's firing.

3.      McLaughlin did not prove the non-discriminatory purpose was pretextual.

In order to succeed in proving pretext, McLaughlin must disprove each non-discriminatory justification for her dismissal. *Wallace*, 271 F.3d 212, 222 (5th Cir. 2001). McLaughlin must further provide "substantial evidence," not a mere scintilla, of the pretext. *Laxton*, 333 F.3d at 579. Unlike *Laxton*, in which the plaintiff established the defendant's arguments were pretextual by proving both the falsity of the violations and that other evidence undermined defendant's credibility, McLaughlin does not claim that her position was *not* eliminated. Instead she maintains that nothing in her personnel record supports her dismissal. While this may be the case, this Court need not address that issue; the only issue before us is whether McLaughlin proved that her position was *not* eliminated because two other employees could perform her job in addition to their own with fewer errors. She did not do so.

6

McLaughlin further attempted to prove pretext by providing two oral statements exhibiting discriminatory animus. In order to prove pretext in this manner, the statement must: (1) demonstrate a discriminatory motivation, and (2) be made by a person "primarily responsible for the adverse employment action or by a person with influence or leverage over the formal decisionmaker." *Laxton*, 333. F.3d at 583. Even assuming a discriminatory animus, the two statements in question were made by persons with no authority or power to either fire McLaughlin or force another to terminate McLaughlin's employment. Because she has not met the second prong of the test, McLaughlin fails to prove pretext by oral statements.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.