**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-51141
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROGER E. FILSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CV-201

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roger Filson, pro se, appeals the district court's order granting summary judgment to the United States that allowed foreclosure of a tax lien against his property. Filson argues that there is a genuine issue of material fact as to the existence of tax liabilities giving rise to the lien. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Despite earning a combined income greater than $60,000 per year, Roger and Polly Filson filed returns with the Internal Revenue Service ("IRS") stating that they earned zero taxable income from 1994–98.  To support this contention, the Filsons included objections and arguments denying the legality of the federal income tax in general.  From 1999–2002, they filed no returns.

The IRS conducted tax examinations and issued notices of deficiency for the years 1997–2002.  The Filsons did not petition the tax court for a redetermination of the deficiency within ninety days of the issuance of the notices, as Internal Revenue Code ("I.R.C.") § 6213(a) permits.  The IRS assessed taxes and penalties for late-filed or unfiled returns under I.R.C. § 6651(a)(1), failing to pay tax due on the returns under I.R.C. § 6651(a)(2), and failing to pay the estimated tax due under I.R.C. § 6654.  The IRS also assessed penalties for taking a frivolous position on their 1994–98 "zero returns" under I.R.C. § 6702.[1]

The United States recorded a "Notice of Federal Tax Lien" against the Filsons and filed a civil complaint seeking a judgment for the unpaid balance of the IRS's tax assessment.[2]  The United States also sought to foreclose the lien on the Filsons' property.  The Filsons responded with a counterclaim asserting that they had no tax liability and owed no frivolous return penalties.  They sought relief in the form of an order nullifying the United States' claims.

---

[1] Filson previously challenged the assessment of the IRS's frivolous return penalty for the 1994–98 "zero returns" in a Collection Due Process proceeding under I.R.C. § 6330.  In that case, the district court granted the United States' motion for summary judgment, holding that Filson's justifications for reporting no taxable income were "baseless, unsupportable, and designed to obstruct the operations of the IRS."  *Filson v. United States*, No. SA-02-CA-285-EP (W.D. Tex. Aug. 13, 2002).  Filson never appealed this decision.

[2] The United States named ABN AMRO, the purchase money mortgage holder on the Filsons' property, as a defendant.  The district court granted ABN AMRO's uncontested motion for summary judgment declaring ABN AMRO's lien superior to the federal tax liens, thereby ending ABN AMRO's interest in the litigation.

The United States filed a motion for summary judgment as to all of its claims. It requested that the district court dismiss the Filsons' counterclaim, reduce the unpaid balances to judgment, and foreclose on the liens. The United States included "Account Transcripts," bearing the official IRS seal, which a designate of the Secretary of the Treasury certified as "true and complete" transcripts of "all assessments, penalties, interest, abatements, credits, refunds, and advanced or unidentified payments" relating to the amounts owed.

The Filsons attacked the reliability of the Account Transcripts, arguing that they did not establish (1) the dates of assessment, (2) the sending of notices of deficiency that I.R.C. § 6212 requires, or (3) the sending of notices and demands for payment that I.R.C. § 6303 requires. In response, the United States submitted "Certificates of Assessments, Payments, and Other Specified Matters" ("Forms 4340") and copies of the notices of deficiency sent to the Filsons, which provided the missing information.

The Filsons filed a motion to strike the United States' proffered evidence under Federal Rule of Civil Procedure 37(c). Specifically, the Filsons argued that the United States had not produced this evidence in its initial disclosure, in violation of Federal Rule of Civil Procedure 26(a)(1). The Filsons also argued that all of the additional documents constituted hearsay.

Noting that barring the United States from presenting any evidence not initially disclosed would be "quite harsh" and that neither party had followed the initial disclosure requirements of Rule 26(a)(1), the magistrate judge ordered both parties to comply immediately. The Filsons did not object to the magistrate judge's order. Both parties filed notices of initial disclosures that documented their compliance. The Filsons noted that they had nothing to provide.

The magistrate judge granted the Filsons' motion to strike the United States' reply brief. The magistrate judge noted that the Declaration of Department of Justice Tax Attorney Michelle C. Johns, which accompanied the

additional documents, failed to satisfy the Federal Rule of Evidence 902 requirement for "self-authentication." Specifically, the declaration provided no certificate of the documents' origins.

The magistrate judge advised the United States to refile with its exhibits properly authenticated. The United States promptly complied, submitting the declaration of Lolita Ellis, an IRS Technical Advisor/Revenue Officer, who had custody of the Filsons' IRS records. The magistrate judge admitted the exhibits. The Filsons did not object, but instead submitted affidavits claiming that neither could recall ever receiving any notices of deficiency. However, the United States produced certified mail return receipts for the notices of deficiency that the IRS had sent, each signed by either Polly or Roger Filson.

The magistrate judge issued a report and recommendation advising the district court to grant summary judgment in favor of the United States. The magistrate judge noted that the United States produced properly authenticated IRS transcripts that listed the account balance, and Forms 4340 that "set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period . . . and the amounts assessed." 26 C.F.R. § 301.6203-1. The district court adopted the magistrate judge's report and recommendation, granted the United States' motion for summary judgment, dismissed the Filsons' counterclaim, and foreclosed on the Filsons' property. This appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over the district court's order granting summary judgement under 28 U.S.C. § 1291. We review *de novo* the district court's grant of summary judgment and will affirm if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

4

When a party fails to make a specific objection to an evidentiary ruling, we review the district court's findings for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). To prevail, the challenging party must show (1) there was an error, (2) the error was clear and obvious, and (3) the error affected the party's substantial rights. *United States v. Olano*, 507 U.S. 725, 732–37 (1993). If all three conditions are met, we have discretion to correct the error only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States,* 520 U.S. 461, 467 (1997).

## III.  DISCUSSION

On appeal, Filson argues that (1) the magistrate judge erred when he allowed the United States to comply with Rule 26(a)(1) after the Filsons' original objection; (2) the magistrate judge erred when he ruled that the United States had properly authenticated its additional exhibits; (3) the frivolous return penalties assessed for the years 1994–98 were defective; and (4) the foregoing alleged deficiencies rendered summary judgment inappropriate. We address each argument in turn.

### A.    Rule 26(a)(1) and Rule 37(c)

Rule 26(a)(1) mandates that a litigant disclose certain information "without awaiting a discovery request," FED. R. CIV. P. 26(a)(1)(A), including "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV P. 26(a)(1)(A)(ii). Rule 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

The magistrate judge decided that the United States was not substantially justified in failing to comply with Rule 26(a). We agree, and therefore consider whether the failure was harmless. In doing so, we weigh four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Research Found. v. Magna Transp., Inc*, 338 F.3d 394, 402 (5th Cir. 2003).

The first factor weighs heavily in favor of the United States. The Forms 4340 "constitute[] valid evidence of a taxpayer's assessed liabilities and the IRS's notice thereof," *Perez v. United States*, 312 F.3d 191, 195 (5th Cir. 2002), and have "been held to be presumptive proof of a valid assessment where the taxpayer has produced no evidence to counter that presumption." *United States v. McCallum*, 970 F.2d 66, 71 (5th Cir. 1992). Additionally, the magistrate judge noted that if Rule 26(a) were "[r]ead strictly, the United States would be unable to present any evidence in support of its claims." To prove its case, the United States' proffered evidence was of paramount importance.

The second factor also favors the United States. The Filsons were not unfairly prejudiced by inclusion of the evidence. In its complaint, the United States alleged the amount the Filsons owed in unpaid IRS income taxes and penalties for filing frivolous returns. Production of the Forms 4340 simply verified—with a presumption of correctness, *see McCallum*, 970 F.2d at 71—that the Filsons owed the amount alleged. Further, the United States produced signed certified mail receipts for the notices of deficiency that memorialized the Filsons' receipt and demonstrated that the Filsons had knowledge of the deficiency reflected in the Forms 4340. Finally, although the magistrate judge rejected the United States' explanation for failing to comply with Rule 26(a)(1) as not substantially justified, the Filsons had the chance to respond to the evidence that the United States refiled, and the district court granted the

Filsons leave to amend their objections to the magistrate judge's report and recommendation before the court granted summary judgment.

We hold that the magistrate judge did not err when it allowed the United States to refile its evidence in compliance with Rule 26(a)(1). Since we find no error, Filson's claim does not survive plain error review.

**B.    Federal Rules of  Evidence 803(8) and 902**

The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). Hearsay is "not admissible except as provided by these rules." FED. R. EVID. 802. One exception to the hearsay rule is Federal Rule of Evidence 803(8), which permits introduction of "Public Records and Reports" that set forth "(A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report . . . or (C) in civil actions and proceedings . . . factual findings resulting from an investigation made pursuant to authority granted by law." Federal Rule of Evidence 902 enumerates certain methods for authenticating documents proffered under several hearsay exceptions.

The magistrate judge granted the Filsons' motion to strike the United States' reply brief, which included the Forms 4340 and the notices of deficiency. The magistrate judge held that the affidavit of Michelle C. Johns, a Department of Justice Tax Attorney, "merely identifies the records attached but wholly fails to provide any certification of their origins. As such, the declaration fails to satisfy the authentication requirements of Rule 902." The magistrate judge allowed the United States to refile, advising, "in light of this ruling, to consider submitting with the reply all evidence, properly authenticated, which it wishes the Court to consider in addressing its motion for summary judgment."

The magistrate judge was within his discretion to allow the United States to refile. The district court approved and accepted the magistrate judge's report and recommendation, and "[a] district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Courts have consistently allowed parties to refile or amend motions and supporting documents as a valid exercise of their discretion in case management.[3]

The United States refiled the same Forms 4340 and notices of deficiency that it had attempted to introduce earlier. To comport with the authentication requirements of Federal Rule of Evidence 902, the United States included the declaration of Lolita Ellis, an IRS Technical Advisor/Revenue Officer who had custody of the IRS files relating to the Filson matter. Filson did not challenge Ellis's authentication, and the magistrate judge admitted the documents, citing Federal Rules of Evidence 803(8) and 902.

We have long held that Forms 4340 are admissible and "constitute[] valid evidence of a taxpayer's assessed liabilities and the IRS's notice thereof." *Perez*, 312 F.3d at 195. Additionally, allowing the United States to refile in compliance with Federal Rules of Evidence 803(8) and 902 was well within the magistrate judge's discretion. Filson has failed to demonstrate that the magistrate judge erred. His claim does not survive plain error review.

---

[3] *See, e.g., George*, 209 F.3d at 718 (holding that the contention that "the district court abused its discretion by permitting Defendants to refile their summary judgment motion" was "without merit"); *Molina v. Equistar*, 261 Fed. App'x 729, 731 (5th Cir. 2008) (noting that "[t]he district court granted Equistar leave to refile its motion"); *McLaughlin v. W & T Offshore, Inc.*, 78 Fed. App'x 334, 336 n.1 (5th Cir. 2003) ("[T]he district court stated that W & T could 'refile' this motion after McLaughlin conducted more discovery."); *Hickson v. Garner*, 43 F.3d 670, 670 (5th Cir. 1994) (noting that the magistrate judge granted a motion to return exhibits so that the party could "refile them in accord with the local rules").

## C.   Legitimacy of the Frivolous Return Penalties

Filson argues that the United States failed to prove that the IRS legitimately assessed the Filsons' frivolous return penalties for the years 1994–98.  The United States argues that res judicata bars any challenge Filson has regarding the frivolous return penalties.  We agree.

For res judicata to prevent litigation of an issue, "(1) the parties must be either 'identical or in privity; (2) the judgment in the prior action [must have been] rendered by a court of competent jurisdiction; (3) the prior action must have been concluded to a final judgment on the merits; and (4) the same claim or cause of action [must have been] involved in both actions.'" *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999).  When established, res judicata "'bars further claims by parties or their privies based on the same cause of action.'" *Davenport*, 484 F.3d at 326 (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)).

Previously, Filson filed a complaint against the United States to appeal the result of a Collection Due Process hearing that the IRS conducted.  The complaint challenged the same frivolous return penalties at issue here.  *See Filson v. United States*, No. SA-01-CA-285-EP (W.D. Tex. Aug. 14, 2002).  In the prior case, the district court entered judgment in favor of the United States, holding that the United States had validly assessed the frivolous return penalties and that Filson's arguments were "baseless, unsupportable, and designed to obstruct the operations of the IRS." *Id*. at *4.  Filson never appealed.

Because (1) the parties in the preceding action are identical to those here, (2) the court in the previous case had jurisdiction, (3) the prior action was adjudicated to a final judgment on the merits, and (4) the same claim is involved in both the prior action and the instant action, res judicata bars Filson's challenge to the legitimacy of his frivolous return penalties.

## D.    Sufficiency of the United States' Evidence

The Internal Revenue Code authorizes the Secretary of the Treasury to make "inquiries, determinations, and assessments of all taxes imposed by [the Code]," I.R.C. § 6201, and collect the taxes assessed. I.R.C. § 6301. If the Secretary discovers a deficiency, he is authorized to notify the taxpayer of the deficiency, I.R.C. § 6212, and assess the deficiency if the taxpayer fails to petition the tax court for a redetermination within ninety days. I.R.C. § 6213(a). Within sixty days of making an assessment, the Secretary must notify the taxpayer of the assessment and demand payment. I.R.C. § 6303(a). If the taxpayer fails to pay the assessed amount after notice and demand, a lien arises on "all property and rights to property" of the taxpayer, I.R.C. § 6321, and will continue until it has been "satisfied or becomes unenforceable by reason of lapse of time." I.R.C. § 6322. The statutory lien is not self-executing. The United States has the option to enforce its lien through an action to reduce assessments to judgment and to foreclose under I.R.C. §§ 7401–03.

> The Internal Revenue Code states:

> No assessment of a deficiency in respect of any tax imposed . . . and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be.

I.R.C. § 6213. Notably, "[t]he Code does not require that the taxpayer *receive* the notice of deficiency." *Keado v. United States*, 853 F.2d 1209, 1211–12 (5th Cir. 1988) (emphasis in original). Rather, "notice shall be sufficient if it is sent to the taxpayer at his last known address." *Id.* at 1211 (internal quotations omitted).

To have a valid assessment, the IRS must create a "summary record of assessment" that "shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." 26 C.F.R. § 301.6203-1. When Forms 4340 include this

information, we have held that they create a presumption of a valid assessment in the absence of any contrary evidence. *McCallum*, 970 F.2d at 71.

In this case, the United States introduced Forms 4340 that contained a "Certificate of Official Record" under seal of an IRS official for the years at issue. The Forms 4340 state the Filsons' identity, the taxable period, the date and amount assessed, and the character of the Filsons' liability. Together, the Forms 4340 and notices of deficiency establish the Filsons' income tax liability for the years at issue and the notice the IRS sent regarding that liability.

In response, the Filsons produced two affidavits. One, signed by Roger Filson, states, "I do not recall ever having received any Notice of Deficiency, nor do I recall having received any notices or demands for payment of federal income taxes, pertaining to tax years 1994–2002." The second, signed by his wife Polly, makes an identical statement. Filson argues that these affidavits create a genuine issue of material fact as to whether the IRS followed the necessary protocol for valid tax liens to arise on his property.

The Filsons' statements will not defeat summary judgment. The United States need only show that it mailed a notice of deficiency to the Filsons' last known address. *See* I.R.C. § 6212(b)(1); *Keado*, 853 F.2d at 1211–12. The United States produced copies of the notices of deficiency that it had mailed and the certified mail receipts signed by either Roger or Polly Filson that documented their receipt. This evidence proves that the United States mailed the notices, and discredits the Filsons' affidavits claiming that they never received them. The Filsons' "self-serving allegations are not the type of significant probative evidence required to defeat summary judgment." *United States v. Lawrence,* 276 F.3d 193, 197 (5th Cir. 2001) (internal quotation omitted).[4]

---

[4] *See also BMG Music v. Martinez,* 74 F.3d 87, 91 (5th Cir. 1996) (affirming summary judgment where "the only evidence in support of the defendants' theory is a conclusory, self-serving statement by the defendant").

Filson has failed to demonstrate the existence of any genuine issue of material fact. We hold that the district court properly granted the United States' motion for summary judgment.

## IV. CONCLUSION

The magistrate judge did not err in allowing the government to refile its evidence in compliance with Federal Rule of Civil Procedure 26(a), Federal Rule of Evidence 803(8), and Federal Rule of Evidence 902. Additionally, res judicata bars Filson's claim that the IRS did not validly establish the frivolous return penalties. Finally, Filson failed to demonstrate the existence of any genuine issue of material fact as to his tax liability. Accordingly, we AFFIRM.

AFFIRMED.