# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50276
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 20, 2015

Lyle W. Cayce
Clerk

RYAN ERMISCH; JULIE ERMISCH,

> Plaintiffs - Appellants

v.

HSBC BANK, NATIONAL ASSOCIATION, as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-1; BDF TITLE SERVICES, L.L.C.; WENDY ALEXANDER; PNC BANK, NATIONAL ASSOCIATION,

> Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-851

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

In 2007, Ryan and Julie Ermisch (the "Ermisches") purchased a home in Austin, Texas, financed by a 30-year note. To secure the note, the Ermisches executed a deed of trust in favor of the lender, National City Bank.[1] The Ermisches defaulted on the note in the summer of 2011. In September 2011,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] National City Bank merged into PNC Bank in 2009, and so PNC Bank became the lender and acquired the corresponding security interests at that time. *See* 12 U.S.C. § 215a(e).

No. 15-50276

the lender assigned the note and deed of trust to HSBC Bank as trustee of a real estate mortgage investment conduit trust. HSBC appointed a substitute trustee to conduct a sale of the property under the deed of trust, and the substitute trustee sold the property to HSBC at a foreclosure sale. The Ermisches filed suit against HSBC and the other defendants, challenging the foreclosure on several different bases. The district court—adopting the magistrate's report and recommendation in full—granted summary judgment in favor of the defendants. The Ermisches raise four issues on appeal: (1) that the district court abused its discretion when the magistrate ordered HSBC to supplement its motion for summary judgment with authenticated evidence; (2) that the substitute trustee lacked authority to foreclose; (3) that the transfer of the note and deed of trust from the lender to the HSBC trust was void; (4) and that the district court erred in holding that the Ermisches lacked standing to challenge the transfer from the lender to the HSBC trust. The Ermisches also filed a motion to certify a question of law to the New York Court of Appeals to determine whether a transfer in violation of the New York Trust Code is void or merely voidable.

## DISCUSSION

The Ermisches first argue that the magistrate erred when he ordered HSBC to supplement its motion for summary judgment with authenticated evidence. After HSBC filed its initial motion for summary judgment with supporting business records, the magistrate determined that the business records were not properly authenticated under Federal Rule of Evidence 901(a). The magistrate then ordered HSBC to supplement its motion with authenticating records, which HSBC did.

Because the Ermisches did not object to this order below, we review for plain error. *Robertson v. Plano City*, 70 F.3d 21, 23 (5th Cir. 1995). Even without such an order from the magistrate, HSBC could have sought leave to

No. 15-50276

supplement its motion because "[c]ourts have consistently allowed parties to refile or amend motions and supporting documents as a valid exercise of their discretion in case management." *United States v. Filson*, 347 F. App'x 987, 991 (5th Cir. 2009). The district court's order simply promoted "economy of time and effort for itself, for counsel, and for litigants," and we find no error. *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)).

The Ermisches next argue that Wendy Alexander, one of the substitute trustees, lacked authority to participate in the foreclosure proceedings because another one of the named substitute trustees had previously participated in the proceedings. This argument is without merit, as it ignores the plain language of the deed of trust, which states that the "duties of Trustee . . . may be exercised or performed by one or more trustees acting alone or together." Because Alexander was a named substitute trustee, she had authority to perform foreclosure duties.

Finally, the Ermisches argue that the district court erred when it determined that the lender's transfer of the deed to HSBC was voidable, rather than void, and that they lacked standing to challenge the transfer. Because the district court granted summary judgment, we review de novo. *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013).

The Ermisches contend that because the transfer from the lender to HSBC violated the pooling and servicing agreement ("PSA") governing the trust, it is void under New York law.[2] By separate motion, the Ermisches argue that New York law is unclear in this area and request that this court certify

---

[2] "[E]very sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void." N.Y. EST. POWERS & TRUSTS LAW § 7-2.4 (McKinney 2015).

3

the question to the New York Court of Appeals. This court has held that "assignments [from a lender to a mortgage pool that] violated the PSA—a separate contract—would not render the assignments void." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013). Although *Reinagel* did not specifically address New York trust law, we have previously rejected the Ermisches' argument, stating that "[t]he [borrowers] attempt to evade *Reinagel's* holding by invoking New York law," but "even under New York law, the alleged violations of the PSA would make the assignment voidable, not void, and the [borrowers] may not challenge the assignment." *Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 Fed. App'x 265, 273 (5th Cir. 2014). Persuasive authority also comes from the Second Circuit, which—in a factually similar case—rejected a borrower's contention that the transfer was void under New York law, and stated that "we are not aware of any New York appellate decision that has endorsed this interpretation of § 7–2.4," and "most courts in other jurisdictions discussing that section have interpreted New York law to mean that 'a transfer into a trust that violates the terms of a PSA is voidable rather than void.'" *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 90 (2d Cir. 2014) (citations omitted).

The Ermisches rely on a New York trial court opinion in *Wells Fargo Bank, N.A. v. Erobobo*, 972 N.Y.S.2d 147, 2013 WL 1831799, at *8 (N.Y. Sup. Ct. Apr. 29, 2013), where the trial court stated that "[u]nder New York Trust Law . . . the acceptance of the note and mortgage by the trustee [in violation of the PSA] would be void." *Erobobo* was reversed on appeal. 9 N.Y.S.3d 312 (N.Y. App. Div. 2015). The appellate court stated that "[i]n any event, Erobobo, as a mortgagor whose loan is owned by a trust, does not have standing to challenge the plaintiff's possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of the PSA" and cited *Rajamin* in support. *Id.* at 314.

No. 15-50276

As noted by the First Circuit, "the vast majority of courts to consider the issue have rejected *Erobobo*'s reasoning, determining that despite the express terms of N.Y. Est. Powers & Trusts Law § 7–2.4, the acts of a trustee in contravention of a trust may be ratified, and are thus voidable." *Butler v. Deutsche Bank Trust Co. Americas*, 748 F.3d 28, 37 n.8 (1st Cir. 2014). The Ermisches have not cited any "New York appellate decision that has endorsed [their] interpretation." *Rajamin*, 757 F.3d at 79. Therefore, the district court properly held that the assignment was merely voidable and that the Ermisches lacked standing to challenge it. Nor is this issue appropriate for certification. "[A]bsent genuinely unsettled matters of state law," this court will not certify. *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1247 (5th Cir. 1997). The motion to certify is DENIED. The district court's judgment is AFFIRMED.