# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2008

Charles R. Fulbruge III
Clerk

No. 06-30995
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EDDIE FERRAND; WILLIAM KENNEDY

Defendants-Appellants

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 3:04-CR-30050-1
USDC No. 3:04-CR-30050-2

Before WIENER, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Eddie Ferrand and William Kennedy appeal their convictions following a jury trial for conspiracy to assist in the preparation and presentation of false income tax returns and assisting in the preparation and presentation of false income tax returns, in violation of 18 U.S.C. § 371 and 26 U.S.C. § 7206(2).

Ferrand contends that district courts within the continental United States do not have jurisdiction over federal criminal proceedings involving tax crimes.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews whether a federal court has subject matter jurisdiction de novo. See Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007). Federal district courts are vested with jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231. Article I, section 8 of the United States Constitution and the Sixteenth Amendment empower Congress to create and provide for the administration of an income tax. The statutes under which Ferrand was charged and convicted define crimes duly created by Congress and plainly fall within Congress's authority to administer the income tax. Thus, Ferrand's jurisdictional argument lacks merit.

Ferrand and Kennedy also argue that their convictions are barred by the public protection provision of the Paperwork Reduction Act (PRA) because Forms 1040 do not contain a valid Office of Management and Budget (OMB) control number. This court has explicitly held that the public protection provision of the PRA does not constitute a defense to criminal violations of the Internal Revenue Code because the regulations concerning the filing of income tax returns do not constitute information requests within the meaning of the PRA. See United States v. Kerwin, 945 F.2d 92 (5th Cir. 1991); cf. United States v. Willis, 958 F.2d 60, 64-65 (5th Cir. 1992).

Ferrand and Kennedy further contend that their convictions are invalid because Title 26 of the United States Code was not passed into positive law and its statutory provisions therefore do not have the force and effect of law. Congress's failure to enact Title 26 into positive law does not impugn the validity or enforceability of the laws set forth in that title. A law listed in the current edition of the United States Code is prima facie evidence of the law of the United States. See 1 U.S.C. § 204(a); cf. United States Nat'l Bank v. Independent Ins. Agents of Am., 508 U.S. 439, 448 (1993). The defendants have not alleged that there are any inconsistencies between Title 26 and the IRC as passed and amended. Thus, the defendants' challenge to the applicability of Title 26 is without merit.

Finally, Kennedy challenges this court's decision to strike his reply brief for failing to comply with FED. R. APP. P. 32(a)(7)(A). "[W]hile [this court] construe[s] pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure." United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). In the instant case, Kennedy's 24-page reply brief exceeded the 15-page limit prescribed by FED. R. APP. P. 32(a)(7)(A) and he neither certified that his brief complied with the type-volume limitations of FED. R. APP. P. 32(a)(7)(B) and (C) nor filed a motion for leave to file an extra-length brief. Accordingly, Kennedy has not shown that the district court erred in striking his reply brief for noncompliance.

Ferrand and Kennedy each summarily raise a number of additional arguments in their briefs challenging the validity of the federal income tax and their convictions. Although this court applies less stringent standards to parties proceeding pro se and liberally construes briefs of pro se litigants, pro se parties still must brief the issues and reasonably comply with the requirements of FED. R. APP. P. 28. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). Because Ferrand and Kennedy cite no relevant statutes, jurisprudence, or portions of the record to support their arguments, the defendants have abandoned those issues. See United States v. Tomblin, 46 F.3d 1369, 1376 n.13 (5th Cir. 1995); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The defendants' convictions are AFFIRMED.