**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 4, 2009

Charles R. Fulbruge III
Clerk

No. 09-60334
Summary Calendar

CLIFTON K WILLIS; SHERI A WILLIS,

Petitioners - Appellants

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee

Appeal from the United States Tax Court
USTC Nos. 7140-06 and 7222-06

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Clifton and Sheri Willis appeal the Tax Court's decision to penalize them for not timely filing income tax returns for the years 1999-2003. Before this court – as before the Tax Court – the Willises claim that the Paperwork Reduction Act protects them from fines and other penalties for failing timely to file their Form 1040 tax return. Our court's binding precedent forecloses their argument, so we now affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Willises have stipulated that they did not timely file their tax returns, so only a question of law remains: Does the Paperwork Reduction Act relieve taxpayers from their burden to pay accrued interest and penalties on their overdue tax returns?[1]

The Paperwork Reduction Act states that "no person shall be subject to any penalty for failing to comply with a collection of information that . . . does not display a valid control number . . . or [for which] the agency fails to inform the person who is to respond . . . that such person is not required to respond . . . unless it displays a valid control number."[2] The Willises contend that Tax Form 1040 – the form they should have filed – does not in various ways comply with the Paperwork Reduction Act. Consequently, they claim that the government cannot subject them to "any penalty" for failing to submit their information.

This court has held to the contrary. Indeed, we have stated that "the Paperwork Reduction Act does not apply to the statutory requirement that a taxpayer must file a return."[3] Over the years, this court has uniformly reaffirmed that holding.[4] The Willises protest that because they face a civil

---

[1] *See* 26 U.S.C. § 6651(a).

[2] 44 U.S.C. § 3512.

[3] *United States v. Kerwin*, 945 F.2d 92, 92 (5th Cir. 1991).

[4] *United States v. Willis*, 958 F.2d 60, 64-65 (5th Cir. 1992) ("[Appellant] also argues on appeal that his conviction is barred by the Paperwork Reduction Act . . . . This argument is foreclosed by this court's decision in *United States v. Kerwin* . . . ."); *United States v. Ferrand*, 284 F. App'x 177, 178 (5th Cir. 2008) ("This court has explicitly held that the public protection provision of the PRA does not constitute a defense to criminal violations of the Internal Revenue Code because the regulations concerning the filing of income tax returns do not constitute information requests within the meaning of the PRA.") (unpublished); *United States v. Rupe*, 308 F. App'x 777, 778 (5th Cir. 2009) ("[T]he Paperwork Reduction Act requirements do not affect the taxpayer's obligations to file a tax return and, accordingly, to fulfill his tax liabilities as imposed by statute.")

penalty – in contrast to the criminal penalties imposed on the appellants in our previous cases – the precedent does not control. Any such distinction is both illogical and unsupported by the text of the Paperwork Reduction Act, which uses the generic term "any penalty" – so we reject the argument.

AFFIRMED.

---

(unpublished).