NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARITA C. MCDAVIS,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3132

---

Petition for review of the Merit Systems Protection Board in MSPB Docket No. CH0752110065-I-1.

---

Decided: January 25, 2012

---

MARITA C. MCDAVIS, of Detroit, Michigan, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LOURIE, DYK and REYNA, *Circuit Judges.*

PER CURIAM.

Marita McDavis seeks review of the final decision of the Merit Systems Protection Board ("the Board") dismissing her appeal for failure to prosecute. *See McDavis v. Social Security Admin.*, No. CH0752110065-I-1 (M.S.P.B. Mar. 23, 2011) ("*Final Order*"); *McDavis v. Social Security Admin.*, No. CH0752110065-I-1 (M.S.P.B. Jan. 24, 2011) ("*Initial Decision*"). Because the Board did not abuse its discretion, we *affirm*.

BACKGROUND

Marita McDavis was employed as a Paralegal Supervisor within the Social Security Administration ("SSA"). On October 24, 2010, the SSA demoted McDavis to a Paralegal based on two charges: (1) that McDavis violated 5 U.S.C. § 3310 by interviewing and recommending a relative for an SSA position; and (2) that McDavis displayed a lack of candor when questioned about the events leading up to the first charge.

McDavis appealed the demotion to the Board, and the administrative judge ("AJ") assigned to the appeal found that McDavis failed to comply with four consecutive Board orders and dismissed her appeal for failure to prosecute. At the start of the proceeding, the AJ issued an Acknowledgement Order in October, 2010, requiring McDavis to exchange discovery with SSA. *Initial Decision*, at 2. Shortly thereafter, the AJ issued an order directing McDavis to participate in a telephonic prehearing conference on January 10, 2011, and to submit prehearing submissions. *Id.* McDavis failed to participate in the prehearing conference and failed to file her prehearing submissions. *Id.* The AJ then issued an order rescheduling the prehearing conference and extending the date for McDavis to submit prehearing submissions and the factual basis for her affirmative defenses. *Id.* In the

order, the AJ advised McDavis that failure to comply with the order may result in sanctions including the dismissal of her appeal. *Id.*

McDavis again failed to participate in the prehearing conference and failed to submit any of the required documents. *Id.* In response, the AJ issued an order providing McDavis a final opportunity to submit her documents and participate in the prehearing conference. *Id.* The order warned McDavis that the AJ intended to dismiss her appeal if she did not comply with the order. *Id.*

McDavis failed to participate in the prehearing conference and failed to submit any of the required documents. *Id.* The AJ then dismissed McDavis's appeal for failure to prosecute, finding that she repeatedly failed to comply with multiple Board orders, rendering it "impossible to conduct discussions regarding matters related to this appeal." *Id.* at 3.

McDavis petitioned for review by the full Board, which affirmed the AJ's dismissal and concluded that McDavis failed to establish that she exercised due diligence in prosecuting her appeal. *Final Order*, at 4. McDavis appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

While an extreme sanction, *Williamson v. Met Sys. Prot. Bd.*, 334 F.3d 1058, 1063 (Fed. Cir. 2003), Board regulations expressly authorize an AJ to dismiss an appeal with prejudice if the appellant fails to prosecute the appeal, 5 C.F.R. § 1201.43(b).  We have recognized that failure to respond to the Board's orders may justify dismissal.  *See Ahlberg v. Dep't of Health and Human Servs.*, 804 F.2d 1238, 1242–43 (Fed. Cir. 1986).  Moreover, sanctions are within the discretion of the Board and will not be reversed unless there is a clear and harmful abuse of discretion. *See Baker v. Dep't of Health and Human Servs.*, 912 F.2d 1448, 1457 (Fed. Cir. 1990) (citing *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988)).

On appeal, McDavis's argues that the Board decision should be reversed because she did not timely receive orders from the Board. We disagree. The record indicates that McDavis provided the Board's e-Appeal online system with an incorrect email address as well as a post office box address. *See Final Order*, at 2.  McDavis's submissions on appeal indicate that she was aware that the Board was providing notice of new documents on e-Appeal online to the wrong email address by December 28, 2010, weeks prior to the first telephonic prehearing conference.  These submissions are consistent with the Board's finding that, over one month prior to the dismissal of her case, an SSA representative informed McDavis that case-related notices were likely being sent to the wrong email address, that McDavis should update her email address with the Board's e-Appeal online system, and that she could still access all case-related materials through e-Appeal online. *Id.* at 3.  McDavis was aware that she was responsible for accessing e-Appeal online to inform herself about her case.  Before the Board,

McDavis only provided evidence that she had difficulty accessing the site on one occasion.[1]

At bottom, McDavis failed to comply with multiple Board orders. The AJ provided her three opportunities to participate in the proceedings and twice warned her that her failure to participate would be grounds to dismiss her case for failure to prosecute. While we are mindful of the severity of the sanction, on this record, we cannot hold it that it was an abuse of discretion to dismiss McDavis's appeal for failure to prosecute.

We have considered McDavis's remaining arguments and conclude that they are without merit. For the foregoing reasons, the Board's dismissal of McDavis's appeal is

### AFFIRMED

COSTS

No costs.

---

[1] On appeal, McDavis provides additional evidence that she had difficulty accessing e-Appeal online, but this evidence was not before the Board, and we are obliged to review this case based on the record below.