## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## 2016 MSPB 37

Docket No. SF-0752-13-1476-I-1

**Derek J. Morris,**

**Appellant,**

**v.**

**Department of the Navy,**

**Agency.**

October 31, 2016

Derek J. Morris, Vista, California, pro se.

David Campbell, Esquire, and Kathryn A. Good, Esquire, Quantico, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1 This case is before the Board based on the appellant's June 18, 2016 submission challenging, among other things, the initial decision that sustained his removal. For the reasons set forth below, we DISMISS WITH PREJUDICE the appellant's submission based on his repeated failure to file a perfected petition for review that complies with the Board's regulations.

## BACKGROUND

¶2 The agency removed the appellant from his position as a GS-13 Physical Security Specialist based on Inappropriate Conduct (10 specifications) and

Failure to Follow Policy, Procedure, or Supervisory Instruction (6 specifications). Initial Appeal File (IAF), Tab 9 at 26-48. He challenged the action by filing a formal equal employment opportunity complaint. *Id.* at 6-7. After issuance of a final agency decision finding that he was not discriminated against as alleged, *id.* at 9-29, the appellant filed a Board appeal, IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision in which she affirmed the agency's action. IAF, Tab 80, Initial Decision (ID) at 2, 90. She sustained both charges, ID at 26-48, and found that the appellant did not establish any of his affirmative defenses, ID at 48-85, that the agency demonstrated a nexus between the appellant's misconduct and the efficiency of the service, ID at 85, and that the penalty of removal was reasonable for the sustained charges, ID at 85-90.

¶3        The appellant timely submitted via e-Appeal Online a document titled "Petition for Review." Petition for Review (PFR) File, Tab 1. It included a 59-page "table of contents," a 214-page "table of authorities," and approximately 20 pages of otherwise untitled analysis and argument. *Id.* The Board's regulations limit a petition for review to 30 pages or 7,500 words, whichever is less, and provide that that limitation is exclusive of a table of contents, table of authorities, attachments, and certificate of service. 5 C.F.R. § 1201.114(h). However, the Office of the Clerk of the Board, upon review, determined that both "tables" in the appellant's submission included legal argument and analysis regarding the merits of the appeal. PFR File, Tab 1 at 1-2. The Clerk's Office set forth examples of this and advised the appellant that the "tables" were considered a part of his petition for review, and that, therefore, the petition did not comply with the Board's regulations relating to page limitations of pleadings. *Id.* On that basis, the Clerk's Office rejected the appellant's petition, deleted it from the e-Appeal Online Repository, and returned it to him by separate email.[1]

---

[1] The Clerk's Office also returned to the appellant by U.S. mail the copies of his petition that he had mailed to the Board. PFR File, Tab 1 at 2.

*Id*. at 2.  The Clerk's Office notified the appellant that he could perfect his petition for review by submitting a petition that complied with the Board's regulations on or before July 1, 2016.  *Id.*

¶4        On June 30, 2016, the appellant submitted via e-Appeal Online a document titled "Petition for Review," which was approximately 229 pages long.  PFR File, Tab 2 at 1, Tab 3 at 1 n.2.  The Clerk's Office determined that the appellant had again presented legal and factual arguments regarding the merits of his appeal throughout his submission, and that office rejected his petition for review, deleted it from the e-Appeal Online Repository, and returned it to him by separate email.[2] PFR File, Tab 2 at 1-2.  The Clerk's Office advised the appellant that he could perfect his petition for review by submitting a petition that complied with the Board's regulations on or before July 14, 2016.  *Id*. at 2.

¶5        On July 11, 2016, the appellant submitted by Federal Express two copies of a 231-page document titled "Petition for Review."[3]  PFR File, Tab 3 at 2.  Upon review, the Clerk's Office determined that, notwithstanding the manner in which he titled them, various parts of the appellant's submission included legal argument and analysis regarding the merits of his appeal.  *Id.* at 2-3.  After noting several such examples, the Clerk's Office advised him that his petition did not comply with the Board's regulations because it exceeded 30 pages.  *Id.* at 3.  The Clerk's Office rejected the appellant's petition, returned to him the copies he had mailed to the Board, and deleted from the e-Appeal Online Repository the copy he had filed electronically, returning it to him via separate email.  *Id.*  That office advised the appellant that he had a final opportunity to perfect his petition for

---

[2] The Clerk's Office returned to the appellant by U.S. mail the copies of his petition that he had mailed to the Board.  PFR File, Tab 2 at 1.

[3] The appellant also submitted a substantially identical copy of his petition for review via e-Appeal Online.  PFR File, Tab 3 at 2 n.3.

review by submitting a petition that complied with 5 C.F.R. § 1201.114 on or before July 28, 2016, and that, if he failed to do so, the Board could impose appropriate sanctions, including considering only the portion of his submission that conformed with the requirements of 5 C.F.R. § 1201.114(h) or dismissing his petition for review with prejudice.[4]  PFR File, Tab 3 at 4.

¶6        On July 25, 2016, the appellant once again mailed to the Board a submission consisting of a number of sections, specifically, a 14-page "Conflict of Interest in Brief Attachment," a 1-page "Table of Contents," a 1-page "California All-Purpose Acknowledgment," a 1-page document titled "In the Jurisdiction of the U.S. Merit Systems Protection Board," a 193-page "Table of Authorities," and a 31-page "Petition for Review," totaling 241 pages.[5]  PFR File, Tab 4.  In a July 28, 2016 order, the Clerk's Office acknowledged the appellant's fourth attempt to submit a petition for review and the copies he filed via e-Appeal Online and advised the parties that the matter had been referred to the full Board for consideration and that no additional pleadings should be filed by the parties. PFR File, Tab 7.  The agency did not respond to any of the pleadings the appellant filed on review.

---

[4] The Clerk's Office also advised the appellant that, if he did not file a compliant petition for review by July 28, 2016, the Board also could dismiss his petition as untimely filed based on his failure to comply with the requirements and deadline for resubmission provided under 5 C.F.R. § 1201.114(*l*).  PFR File, Tab 3 at 4.

[5] The appellant also submitted two copies of his petition for review via e-Appeal Online.  PFR File, Tabs 5-6.  Because the appellant first filed by U.S. mail, we are citing to that pleading in this decision.  PFR File, Tab 4.  The appellant's submission includes several tabs, but the names on those tabs do not always match the titles of the pleadings located behind the tabs.  *Id*.  We are referring to documents by the names given to them by the appellant and not necessarily by the tab they are located behind.

ANALYSIS

The appellant's petition for review exceeds 30 pages and 7,500 words.

¶7        In the 14-page "Conflict of Interest" section of his July 25, 2016 submission, the appellant not only challenges the Board's authority to sanction him, but also chastises the deciding official and the administrative judge for "acting out, outside the scope of [her] employment," PFR File, Tab 4 at 4, and he claims that the administrative judge "never operated in isolation" but "was assigned a legal team," *id.* at 6.  The appellant also contends that the administrative judge will "perish by the weight of the statutory evidence," *id.* at 11, and challenges the way the administrative judge described the appellant's years of service, *id.* at 14.  As the 14-page "Conflict of Interest" section contains these and other objections to the initial decision, it thereby includes legal argument and analysis regarding the merits of his appeal and therefore must be considered as part of the appellant's petition for review.

¶8        The 193-page "Table of Authorities" section of the July 25, 2016 submission first consists of 15 pages of "Material Doctrine."  PFR File, Tab 4 at 18-32.  Included among the 18 "doctrines," or the appellant's description of them, are statements applying the various doctrines to the facts of his appeal.  *Id.* at 18-19, 23-24, 30.  These statements constitute analysis and argument relating to the merits of the appellant's appeal, and therefore the "Material Doctrine" portion of this section also must be considered as part of his petition for review.  Next, the "Table of Authorities" section includes 74 pages of case names and the appellant's interpretation of the holdings of those cases.  *Id.* at 32-106.  Included in this list are references to documents in the appeal file, *id.* at 32-34, 48, a claim that the administrative judge erred in failing to properly analyze a particular statute, *id.* at 54, statements about the deciding official, *id.* at 75, and argument regarding the appellant's affirmative defenses, *id.* at 81-83.  The "Table of Authorities" section further contains 98 pages of statutes and regulations, and 8 additional pages of "Acts," agency "Instructions," and "Executive Orders," and,

in the appellant's view, what they provide, *id.* at 106-211. Although these latter pages under the "Table of Authorities" section do not specifically include argument and analysis, we must presume that the appellant submitted them with the purpose of furthering his case. Therefore, the entire "Table of Authorities" section of the appellant's submission also must be considered as part of his petition for review.[6]

¶9  Finally, in the section of the appellant's submission titled "Petition for Review," he challenges the administrative judge's findings of fact and conclusions of law, as well as her rulings, and otherwise argues and analyzes the merits of his appeal. *Id.* at 212-42. Therefore, this section must be considered as part of the appellant's petition for review as well.[7]

<u>Because the appellant repeatedly has failed to comply with the Board's orders, his petition for review is properly dismissed for failure to prosecute.</u>

¶10  As noted, the Board's regulations provide that a petition for review is limited to 30 pages or 7,500 words, whichever is less, and that the length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. 5 C.F.R. § 1201.114(h). The regulations also provide that a request for leave to file a pleading that exceeds the limitations must be received by the Clerk of the Board at least 3 days before the filing deadline and must give the reasons for a waiver as well as the desired length of the pleading, and that waivers are granted only in exceptional circumstances. *Id.* When considering the challenges to the agency action and the initial decision contained

---

[6] Black's Law Dictionary defines a Table of Authorities as an alphabetical list of authorities cited in a brief, usually with subcategories for cases, statutes, and treatises. Black's Law Dictionary 840, 1589 (9th ed. 2009). There is no mention of a Table of Authorities containing legal or factual argument.

[7] Even if we were to disregard all the other sections and consider *only* this section of the appellant's submission based on its title of "Petition for Review" and the arguments therein, at 31 pages, it exceeds the Board's 30-page limit. 5 C.F.R. § 1201.114(h).

in the various sections of the appellant's pleadings, the appellant's initial pleading far exceeded the 30-page limit for a petition for review, PFR File, Tab 1, as did his subsequent submissions, PFR File, Tabs 2-6, and at no time did he file a request for leave to file a petition that exceeded 30 pages.

¶11        The Board's regulations do not specifically provide what sanctions the Board may impose for a party's failure to comply with 5 C.F.R. § 1201.114(h), but they do, at 5 C.F.R. § 1201.43, provide that administrative judges may impose sanctions upon the parties as necessary to serve the ends of justice.   The regulation provides a nonexhaustive list of the types of sanctions available to an administrative judge, and we look to that regulatory provision and to those sanctions, as appropriate, for guidance in this case.   Addressing a party's failure to provide information as required, the regulation provides that, if a party fails to comply with an order, the administrative judge may impose one of several lesser sanctions, including drawing an inference in favor of the requesting party, prohibiting the offending party from introducing evidence concerning the information sought or from otherwise relying on testimony related to that information, permitting the requesting party to introduce secondary evidence concerning the information sought, and eliminating from consideration any appropriate part of the pleadings or other submissions of the party that fails to comply with the order.   5 C.F.R. § 1201.43(a)(1)-(4).   The regulation further provides, however, that, if a party fails to prosecute or defend an appeal, the administrative judge may dismiss the appeal with prejudice or rule in favor of the appellant. 5 C.F.R. § 1201.43(b).[8]

---

[8] Although 5 C.F.R. § 1201.43 is phrased in terms of sanctions an administrative judge may order, the Board itself is empowered to issue orders. *See* 5 U.S.C. § 1204.   The Board has delegated to the Office of the Clerk of the Board the authority to sign and issue orders disposing of procedural matters, such as those at issue in the instant case.   MSPB Organization Functions and Delegations of Authority at 8-9 (April 2011),

¶12    In looking to this regulation for guidance, we note that the Board's interpretation of its own regulations is entitled to great deference. *In re Maisto*, 28 M.S.P.R. 436, 441 (1985).  We also are aware that the sanction of dismissal with prejudice is a severe sanction, and the Board has held that it is only appropriate when necessary to serve the ends of justice and should only be imposed when:  (1) a party has failed to exercise due diligence in complying with Board orders; or (2) a party has exhibited negligence or bad faith in its efforts to comply.  *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 7 (2011) (citing *Chandler v. Department of the Navy*, 87 M.S.P.R. 369, ¶ 6 (2000)).

¶13    Litigants before the Board are expected to comply with all orders issued by the Board and to comply with the Board's regulations.  *See Mendoza v. Merit Systems Protection Board*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc); *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 16 (2007).  Further, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has long held that dismissal for failure to prosecute, pursuant to 5 C.F.R. § 1201.43(b), is appropriate when a party fails to comply with the Board's orders on more than one occasion.  *McDavis v. Merit Systems Protection Board*, 464 F. App'x 864, 865-66 (Fed. Cir. 2012) (nonprecedential);[9] *Ahlberg v. Department of Health & Human Services*, 804 F.2d 1238, 1242 (Fed. Cir. 1986).

¶14    The appellant here did not simply fail to comply with "an order" of the Clerk of the Board or with the Board's regulations.  Instead, although notified in the initial decision of the 30-page regulatory limit, ID at 92, the appellant filed a nonconforming petition for review and then on three occasions failed to perfect

---

http://www.mspb.gov/MSPBSEARCH/viewdocs.aspx?docnumber=1279407&version=1284518&application=ACROBAT (last visited October 31, 2016).

[9] The Board may follow a nonprecedential decision of the Federal Circuit when, as here, it finds its reasoning persuasive.  *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 11 n.5 (2016).

his petition. By repeatedly failing to comply with the Board's regulations and the clear directions provided by the Clerk's Office, the appellant failed to exercise due diligence. Moreover, he has been noncompliant in a substantial way, on four occasions exceeding the regulatory page limit by approximately 200 pages, thereby demonstrating that his failure to comply has not been accidental, but rather defiant. In addition, the continual misogynistic invective he has used in describing his dealings with the Board's female staff in the Clerk's Office not only goes beyond argument, but is inappropriately dismissive and shows bad faith.[10] By his actions, we find that the appellant has failed to prosecute his petition for review. 5 C.F.R. § 1201.43(b); *see Heckman*, 106 M.S.P.R. 210, ¶ 16 (finding that an administrative judge did not abuse her discretion when she dismissed an appeal for failure to prosecute based on the appellant's repeated failure to comply with her orders).

¶15        Because dismissal with prejudice is a severe sanction, however, we have searched for additional guidance to support such an action. Similar to the Board's regulation limiting a petition for review to 30 pages, the Federal Rules of Appellate Procedure provide that a principal brief may not exceed 30 pages, and a reply brief may not exceed 15 pages.[11] Fed. R. App. P. 32(a)(7)(A). A number of

---

[10] For example, in his submission, the appellant writes that, "the acting clerk . . . cannot process in the abstract or concrete, qualitatively or quantitatively, mentally, psychologically, or cognitively . . . . The acting clerk . . . is processing merely on emotion," PFR File, Tab 4 at 5; "[the appellant's pleadings were] rejected three times and actually erased three times by an (sic) penis envious female," *id.* at 8; "[the appellant] is under no obligation to the acting clerk to relax his argument, evidence, or facts before a woman," *id.* at 9; "a woman's or feminist's ignorance of Title 5 . . . is never excusable," *id.* at 9-10; "[the Acting Clerk], like [the administrative judge], speaks when she should do no more than listen," *id.* at 12; and "there is no such thing as a secret when a woman or female is involved," *id.*

[11] Unlike the Board's regulations, the Federal Rules provide that a principal brief is also acceptable if it contains no more than 14,000 words or uses a monospaced face and contains no more than 1,300 lines of text. Fed. R. App. P. 32(a)(7)(B)(i).

circuit courts of appeal have considered a litigant's failure to comply with this limitation. For example, in *United States v. Ferrand*, 284 F. App'x 177, 179 (5th Cir. 2008),[12] the court held that the district court did not err in striking the defendant's 24-page reply brief, on appeal of his criminal tax fraud conviction, for exceeding the 15-page limit for such pleadings, when the defendant did not certify that his brief complied with type-volume limitations or file a motion for leave to file an extra-length brief. The court acknowledged its practice of construing pro se pleadings liberally, but found that "pro se litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure." *Id.* (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). In *Mitchell v. Union Pacific Railroad Company*, 501 F.3d 794, 795 (7th Cir. 2007), the plaintiff was twice denied permission to file an oversized brief and was warned that failure to file a rule-compliant brief by the next due date could result in dismissal. Notwithstanding the previous denials, he again moved to file an oversized brief, and, in response to an order to show cause why his appeal should not be dismissed, he moved for a fourth time to file an oversized brief. *Id.* at 795-96. Finding that it had fulfilled its obligation to warn the plaintiff of the implications of his continued failure to file a rule-compliant brief, and that his pro se status did not afford him license to disobey the court's orders, the court found that dismissal was an appropriate remedy. *Id.* at 796. And, in *Fleming v. County of Kane, State of Illinois*, 855 F.2d 496, 497 (7th Cir. 1988),[13] the court denied the

---

[12] While decisions of the Federal Circuit are controlling authority for the Board, other circuit courts' decisions are considered persuasive, but not controlling, authority. *Fairall v. Veterans Administration*, 33 M.S.P.R. 33, 39, *aff'd*, 844 F.2d 775 (Fed. Cir. 1987).

[13] This decision relies upon an earlier version of the Federal Rules of Appellate Procedure, in which the page limitation provision was located at Rule 28(g) and permitted principal briefs of up to 50 pages. *See* Fed. R. App. P. 28, 1998 Amendments.

appellant's motion to file an oversized brief, but took the opportunity to reemphasize the significance of compliance with the Federal Rules' page limitation for briefs. The court explained the importance of the limitation, specifically, that it is "not merely to regulate the Court's workload . . . but also to encourage litigants to hone their arguments and to eliminate excessive verbiage." *Id.* at 497 (citations omitted). The court cautioned that parties should not try to circumvent the page limit by "hiding" excess text in an appendix or in footnotes. *Id.* at 498.

¶16      Our reviewing court, the U.S. Court of Appeals for the Federal Circuit, has also considered the appropriate sanction for a noncompliant pleading. In *Pi-Net International, Inc. v. JPMorgan Chase & Company*, 600 F. App'x 774 (Fed. Cir. 2015) (nonprecedential), *cert. denied*, 136 S. Ct. 856 (2016),[14] the court dismissed an appeal from a district court order when the appellants submitted an opening brief that exceeded the court's word limit and then filed a first corrected brief in which they unsuccessfully attempted to comply with the word limitation by "squeezing various words together and deleting the spaces that should appear between them." In their second corrected brief, the appellants replaced phrases and case citations with abbreviations and listed those citations only in the table of authorities. *Id.* The court found that neither corrected brief complied with the court's rules and that the appellants failed to show cause why the brief should not be stricken and the appeal dismissed. *Id.* at 774-75. The court dismissed the appeal. *Id.* at 775.

¶17      We conclude, having considered the Board's regulations and our own case law, as well as the guidance referenced above, and in view of the unprecedented

---

[14] As stated previously, the Board may follow a nonprecedential decision of the Federal Circuit when, as here, it finds its reasoning persuasive. *LeMaster*, 123 M.S.P.R. 453, ¶ 11 n.5.

actions of the appellant in this matter, that it is appropriate to dismiss with prejudice his self-styled petition for review.

## ORDER

¶18     This is the final decision of the Merit Systems Protection Board regarding the dismissal of the appellant's purported petition for review for failing to comply with the Board's regulations and the orders explaining those regulations issued by the Clerk's Office.  The initial decision remains the final decision of the Board regarding the merits of the agency's action.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[15]

You have the right to request further review of this final decision.  There are several options for further review set forth in the paragraphs below.  You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  Title 5 of the United States Code, section 7702(b)(1)  (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

---

[15] The initial decision did not afford the appellant the proper review rights because it did not advise him of the means by which he could challenge the administrative judge's findings on his claim of retaliation for whistleblowing.  ID at 93-95.  We have provided the correct review rights in this decision.

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims: Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8),

(b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.